Argued and submitted August 5, 1998, affirmed March 10, petition for review denied July 6, 1999 (329 Or 61)

## STATE OF OREGON,
*Respondent,*

*v.*

## MARC RAY TRICE,
*Appellant.*

## (F93-07-0605C; CA A98774)

976 P2d 569

Eric R. Johansen, Deputy Public Defender, argued the cause for appellant. With him on the brief was Diane L. Alessi, Interim Public Defender.

Timothy A. Sylwester, Assistant Attorney General, argued the cause for respondent. With him on the brief were Hardy Myers, Attorney General, and Michael D. Reynolds, Solicitor General.

Before Deits, Chief Judge,* and Landau and Wollheim, Judges.

DEITS, C. J.

* Deits, C. J., *vice* Riggs, J., resigned.

## DEITS, C. J.

Defendant, who was a juvenile at the time that he committed the acts in question, was remanded to adult court on several of the charges against him. He appeals for the second time from the sentences imposed on his adult convictions for murder and assault in the first degree. Defendant was also found to be within the jurisdiction of the juvenile court on a charge of assault in the second degree, for which he was committed to the Children's Services Division for an indefinite period not to extend past his 21st birthday. On his murder conviction, the court sentenced defendant to a durational departure sentence of 256 months, to run consecutive to his juvenile commitment. On the assault conviction, the court determined that defendant was a dangerous offender and again departed, imposing a 130-month determinate sentence and a 230-month indeterminate sentence, running concurrently with the murder sentence, but consecutive to the juvenile commitment.

In his first appeal, *State v. Trice,* 146 Or App 15, 933 P2d 345 (1997), we held that the murder and assault sentences could not be imposed consecutive to the juvenile adjudication. We vacated the sentences and remanded the case for resentencing. On resentencing, the trial court did not impose the sentences consecutive to the juvenile adjudication. However, instead of running the 256-month sentence on the murder conviction and the 130-month sentence on the assault conviction concurrently, as it had previously done, the trial court ordered that 48 months of the 130-month assault sentence be served consecutive to the murder sentence and that the remaining 82 months be served concurrently. In this second appeal, defendant assigns that sentence as error.

At sentencing, the only objection that defense counsel asserted was that the sentencing court lacked authority under ORS 137.123 to order *part* of a sentence to be served consecutively. Citing *State v. Smith,* 323 Or 450, 918 P2d 824 (1996), on appeal, defendant now contends that the sentencing court lacked authority to modify the sentence on remand from this court, because it had been previously "executed."

We decline to consider that argument, however, because, as defendant concedes, it was not raised below. Defendant does not argue that this is plain error on the face of the record.

Defendant argues on appeal that the sentencing court lacked authority to order that 48 months of defendant's sentence on the assault conviction be served consecutively to the 256-month sentence imposed on the murder conviction. He asserts that under ORS 137.123, a court has authority to order that *all* of a sentence be served consecutively or concurrently, but does not have authority to order that *part* of a sentence be served consecutively and *part* concurrently.

The pertinent language of ORS 137.123 provides:

"(1) *A sentence imposed by the court may be made concurrent or consecutive to any other sentence which has been previously imposed or is simultaneously imposed upon the same defendant.* The court may provide for consecutive sentences only in accordance with the provisions of this section. A sentence shall be deemed to be a concurrent term unless the judgment expressly provides for consecutive sentences.

"* * * * *

"(5) *The court has discretion to impose consecutive terms of imprisonment for separate convictions* arising out of a continuous and uninterrupted course of conduct only if the court finds:

"(a) That the criminal offense for which a consecutive sentence is contemplated was not merely an incidental violation of a separate statutory provision in the course of the commission of a more serious crime but rather was an indication of defendant's willingness to commit more than one criminal offense; or

"(b) The criminal offense for which a consecutive sentence is contemplated caused or created a risk of causing greater or qualitatively different loss, injury or harm to the victim or caused or created a risk of causing loss, injury, or harm to a different victim than was caused or threatened by the other offense or offenses committed during a continuous and uninterrupted course or conduct." (Emphasis added.)

ORS 137.123 gives the court authority to exercise its discretion to impose consecutive or concurrent sentences, provided that it makes appropriate findings. There is nothing

in the language of the statute that limits the court in the exercise of its discretion from imposing partially consecutive sentences and concurrent sentences. We conclude that implicit in the authority to impose both consecutive and concurrent sentences is the authority to impose sentences that are partially consecutive and concurrent. Here, defendant does not challenge the sentencing court's findings. Accordingly, the sentencing court did not err in making defendant's sentence for assault partially consecutive to his murder sentence.

■    Defendant's final complaint is that the imposition of a consecutive sentence on remand on the assault conviction is erroneous because it exceeds the sentence imposed in the original judgment. Once again, the alleged error is unpreserved and is not apparent on the face of the record. Accordingly, we do not review it.

Affirmed.