Submitted February 1, affirmed October 2, 2013, petition for review denied April 17, 2014 (355 Or 317)

ERNIE JUNIOR PEREZ,
*Petitioner-Appellant,*

*v.*

Rob PERSSON,
Superintendent,
Oregon State Correctional Institution,
*Defendant-Respondent.*

Marion County Circuit Court
08C20394; A150448

311 P3d 901

Ernie Junior Perez filed the briefs *pro se.*

Ellen F. Rosenblum, Attorney General, Anna M. Joyce, Solicitor General, and Karla H. Ferrall, Assistant Attorney General, filed the brief for respondent.

Before Armstrong, Presiding Judge, and Nakamoto, Judge, and Egan, Judge.

ARMSTRONG, P. J.

## ARMSTRONG, P. J.

Petitioner, who pleaded guilty to four counts of aggravated murder in the underlying criminal proceeding, petitioned for post-conviction relief alleging, among other things, that he had received ineffective assistance of trial counsel. The post-conviction court granted petitioner partial relief, and he seeks review, asserting that the court should have granted additional relief. We reject most of petitioner's assertions without discussion, but write to address petitioner's concern that the post-conviction relief granted will be ineffective in implementing a plea agreement concerning his sentence. As explained below, we conclude that the post-conviction court's correction of petitioner's sentence will implement the plea agreement, and therefore we affirm.

As pertinent to the issue before us on judicial review, petitioner asserted that he accepted a plea offer based on representations that the state had agreed that it would recommend that petitioner would receive life sentences on each of two counts but would be eligible for parole consideration after serving a minimum of 50 years. The trial court in the underlying case merged the four counts into two counts (one for each victim) and, in an attempt to effectuate the parties' agreement concerning the state's recommended sentence, imposed sentences on each count of life imprisonment with a minimum of 30 years on each, *see* ORS 163.105(1)(c) (in sentencing a defendant to life imprisonment for aggravated murder, "the court shall order that the defendant shall be confined for a minimum of 30 years without possibility of parole"). In order to make petitioner eligible for parole consideration after 50 years, the court noted on the second aggravated murder count, "20 years to run consecutive to time served in Count 1." The Department of Corrections, however, appears to have taken the position that such a sentence was not possible, and therefore treated petitioner's two mandatory minimum terms as fully consecutive to one another, rather than partially consecutive and partially concurrent, and therefore calculated that petitioner would not be eligible for parole consideration until he had served 60 years in prison.[1]

---

[1] The Department of Corrections' position appears to have been based on its reading of *Norris v. Board of Parole*, 331 Or 194, 13 P3d 104 (2000), *overruled by Severy / Wilson v. Board of Parole*, 349 Or 461, 245 P3d 119 (2010).

In the present post-conviction proceeding, the trial court noted the above facts, and concluded:

"4. Petitioner herein will not, however, based on Corrections Department interpretation, receive the potential benefit of his plea bargain.

"5. This injustice is one which the Post Conviction Court is entitled to, and can, remedy. This Court has the authority to amend the judgment so as to lawfully achieve the result of the sentence concessions bargained for and agreed to by the parties and the trial court."

The court thereafter ordered that "the sentence imposed for [merged] counts 2 and 4 is to begin upon defendant's completion of 20 years of the sentence imposed for [merged] counts 1 and 3." That language is based on the affidavit of an Assistant Attorney General for the General Counsel Division of the Department of Justice, who advises the Department of Corrections on sentence computation, and who indicated in this post-conviction proceeding the language that the Department of Corrections deems necessary to effectuate the court's intent to make petitioner's minimum terms of imprisonment of those two counts partially concurrent and partially consecutive to one another. Moreover, the state conceded in its trial memorandum that "[t]rial counsel, the prosecutor, and the trial judge all agreed that upon pleading guilty, petitioner would have the possibility of being paroled after 50 years" and that the post-conviction court "can amend petitioner's judgment in such a way that will satisfy the Oregon Department of Corrections and accomplish what all the parties intended—petitioner's minimum terms for each Aggravated Murder sentence will run for only 50 years" by inserting the language recommended in the affidavit described above.

On his appeal of the post-conviction court's judgment, petitioner takes the position that the agreed-to partially concurrent and partially consecutive minimum terms are not, in fact, possible, despite the state's concession and the post-conviction court's implementation of them through the agreed-upon language. He takes the position that, under ORS 163.105(1)(c), minimum terms must be either fully concurrent or fully consecutive. Petitioner asserts that the

language of ORS 163.105(1)(c) precludes the post-conviction court's sentence. ORS 163.105(1)(c) provides:

> "If sentenced to life imprisonment, the court shall order that the defendant shall be confined for a minimum of 30 years without possibility of parole, release to post-prison supervision, release on work release or any form of temporary leave or employment at a forest or work camp."

That statute says nothing about the consecutive or concurrent nature of any sentence or any minimum term. ORS 137.123(1) provides that a "sentence imposed by the court may be made concurrent or consecutive to *any* other sentence," subject to various specific limitations, none of which would preclude the sentence at issue here. (Emphasis added.) "There is nothing in the language of [ORS 137.123] that limits the court in the exercise of its discretion from imposing partially consecutive sentences and concurrent sentences." *State v. Trice*, 159 Or App 1, 4-5, 976 P2d 569 (1999).

Petitioner also expresses a concern that, despite the language in the amended judgment described above, the Board of Parole and Post-Prison Supervision may take the position that he still cannot be considered for parole until he has served 60 years' imprisonment. He cites *Rise v. Board of Parole*, 304 Or 385, 745 P2d 1210 (1987), for the proposition that the board will not be bound to effectuate the amended judgment. Petitioner misunderstands *Rise*. The board *is* required to effectuate sentences imposed in judgments, absent specific authority to override those sentences. In *Rise*, a case involving administrative review of a board order, the aspects of the plea agreement that the inmate sought to enforce were not embodied in the judgment of conviction and sentence. *Id.* at 387-88. It is important to note that, in *Rise*, the court did not suggest that the plea agreement was not enforceable—it simply held that, in the context of its review of a board order, the claim was not cognizable, adding: "If the plea agreement was breached in this case, then petitioner's remedy lies elsewhere—perhaps in habeas corpus or post-conviction relief, where the court is authorized to fashion appropriate relief." *Id.* at 393.

Finally, petitioner expresses uncertainty as to how the board might ultimately apply the holdings in *Janowski/*

*Fleming v. Board of Parole*, 349 Or 432, 245 P3d 1270 (2010), and *Severy/Wilson v. Board of Parole*, 349 Or 461, 245 P3d 119 (2010), to his parole consideration hearing. For two reasons, we do not attempt to address that concern. First, those cases involved versions of the aggravated murder statutes that differ significantly from the version under which petitioner was convicted. Second, the issue is unripe given that, under any possible interpretation of the relevant statutes, it will be many years before petitioner will have a parole consideration hearing.

In sum, the post-conviction court correctly determined that petitioner was entitled to relief, and granted appropriate relief.

Affirmed.