301 Ga. 63
FINAL COPY

S16G1166.  THE STATE v. RIGGS.

PETERSON, Justice.

Under OCGA § 17-10-6.2 (b), a defendant convicted of a sexual offense must receive a split sentence: that is, a sentence that includes a mandatory minimum term of imprisonment followed by an additional probated sentence of at least one year. When a defendant is convicted of only one sexual offense, the application of this statute is simple.  This case presents the more complicated question of how the statute applies when a defendant is convicted of multiple sexual offenses: Does the split-sentence requirement apply to each of the multiple sexual offenses of which a defendant is convicted or, as the State argues, only to the aggregate sentence? Considering the plain language of OCGA § 17-10-6.2 (b) in the context of the well established principle that each count receives a discrete sentence, we conclude that the statute requires a split sentence on each sexual offense. Because the Court of Appeals correctly vacated those sentences that failed to meet this requirement, we affirm.

The record shows that Darren Riggs entered into a non-negotiated guilty plea to multiple charges, including several sexual offenses. He was sentenced to a total sentence of 50 years with 30 to serve. Pertinent to this appeal, Riggs was sentenced on the sexual offenses as follows:

• Count 4 (child molestation): 20 years to serve, concurrent with Count 1 (distribution and delivery of cocaine);

• Count 5 (enticing a child for indecent purposes): 20 years, 10 years to serve, balance probated, consecutive to Counts 1 and 4;

• Counts 7-11 (child molestation): 20 years to serve, concurrent to Count 1;

• Count 15 (statutory rape): 20 years to serve, concurrent to Count 1; and

• Count 17 (child molestation): 20 years, 10 years to serve, balance probated, concurrent to Count 5.

Riggs filed a motion to reduce his sentence,[1] which the trial court denied. Riggs appealed to the Court of Appeals.

In an unpublished opinion, the Court of Appeals, relying on its own

---

[1] Riggs previously moved to withdraw his plea, but the trial court denied his motion, and the Court of Appeals affirmed the trial court's ruling. See Riggs v. State, 319 Ga. App. 189 (733 SE2d 832) (2012).

precedent,[2] agreed with Riggs that the trial court violated OCGA § 17-10-6.2 (b) by failing to impose split sentences on each of the child molestation offenses in Counts 4 and 7-11 and the statutory rape offense in Count 15.[3] See Riggs v. State, 336 Ga. App. XXV (March 4, 2016) (unpublished). The Court of Appeals concluded that the sentences on Counts 4, 7-11, and 15 were void and vacated the sentences on these counts, as well as on Counts 5 and 17, which did meet the split-sentence requirement. We granted the State's petition for certiorari to consider the meaning of the split-sentence requirement under OCGA § 17-10-6.2 (b).

1. *The split-sentence requirement of OCGA § 17-10-6.2 (b) applies to each sexual offense count.*

The State argues that a plain reading of OCGA § 17-10-6.2 (b) shows that the split-sentence requirement applies only to the overall sentence, not to each conviction for a sexual offense. We disagree.

---

[2] Clark v. State, 328 Ga. App. 268 (761 SE2d 826) (2014); New v. State, 327 Ga. App. 87 (755 SE2d 568) (2014).

[3] A first offense of child molestation is subject to a five-year minimum sentence, and the minimum sentence for subsequent convictions is 10 years. OCGA § 16-6-4 (b) (1). The minimum sentence for statutory rape is one year; but, if the person convicted is 21 years of age or older, the minimum sentence is 10 years. OCGA § 16-6-3 (b).

In construing statutes,

> we must presume that the General Assembly meant what it said and said what it meant and so we must read the statutory text in its most natural and reasonable way, as an ordinary speaker of the English language would. The common and customary usages of the words are important, but so is their context. For context, we may look to other provisions of the same statute, the structure and history of the whole statute, and the other law that forms the legal background of the statutory provision in question.

State v. Randle, 298 Ga. 375, 376-377 (781 SE2d 781) (2016) (citation and punctuation omitted).

OCGA § 17-10-6.2 (b) provides in relevant part as follows:

> Except as provided in subsection (c) of this Code section, and notwithstanding any other provisions of law to the contrary, any person convicted of a sexual offense shall be sentenced to a split sentence which shall include the minimum term of imprisonment specified in the Code section applicable to the offense. No portion of the mandatory minimum sentence imposed shall be suspended, stayed, probated, deferred, or withheld by the sentencing court and such sentence shall include, in addition to the mandatory imprisonment, an additional probated sentence of at least one year. . . .

A "sexual offense" is defined to include the sexual crimes committed by Riggs, including child molestation, statutory rape, and enticing a child for indecent purposes. See OCGA § 17-10-6.2 (a).

4

Before considering the specific requirements of OCGA § 17-10-6.2 (b), it is important to understand a trial court's general sentencing obligations. When a court sentences a defendant for a particular offense, it must consider the statutory range for that crime. See OCGA § 17-10-1 (a) (1) (providing that "[e]xcept in cases in which life imprisonment, life without parole, or the death penalty may be imposed, . . . the judge fixing the sentence shall prescribe a determinate sentence for a specific number of months or years which shall be within the minimum and maximum sentences prescribed by law as the punishment for the crime"). A trial court must do this whether a defendant is convicted of one offense or many, resulting in a discrete sentence for each offense. See Evans v. State, 300 Ga. 271, 276 (794 SE2d 40) (2016) ("[A]s to sentencing, each count stands alone[.]"). When a trial court fails to impose separate sentences for each count of which a defendant was found guilty, it has not entered a proper judgment. See, e.g., Keller v. State, 275 Ga. 680, 681 (571 SE2d 806) (2002) ("[W]hen multiple counts of an indictment are tried together and the trial court does not enter a written sentence on one or more of the counts, the case is still pending in the trial court and is not a final judgment

5

under OCGA § 5-6-34 (a) (1).”);[4] <u>Dilas v. State</u>, 159 Ga. App. 39, 40 (1) (282 SE2d 690) (1981) (statute now codified as OCGA § 17-10-10 requires that defendant be sentenced separately for each count of a multi-count indictment or accusation on which the defendant is convicted).

The specific provisions of OCGA § 17-10-6.2 (b) apply consistent with these general principles. Subsection (b) requires that “any person convicted of a sexual offense shall be sentenced to a split sentence which shall include the minimum term of imprisonment specified in the Code section applicable to the offense . . . [and] an additional probated sentence of at least one year.” This requirement necessarily must apply to each count of conviction; there may be a different “minimum term of imprisonment specified in the Code section applicable to the offense” for each offense. The statute speaks solely in the singular: “a sexual offense,” “a split sentence,” “the Code section,” and “the offense.” There is no language that even hints at the State’s proposed aggregate

---

[4] Entering a written sentence on each count for purposes of the final judgment rule requires the trial court to enter either (a) a written sentence on the count or (b) a written notation that the count merged into another count for purposes of sentencing or was vacated by operation of law. See, e.g., <u>Bass v. State</u>, 284 Ga. App. 331, 332 (643 SE2d 851) (2007).

approach; indeed, there is no single "Code section applicable to" Riggs's various crimes. Similarly, the final clause of the subsection imposing the probation requirement ("such sentence shall include, in addition to the mandatory imprisonment, an additional probated sentence of at least one year") also uses only singular language: "such sentence," and "an additional probated sentence." Based on this language, the only reasonable construction is that the split-sentence requirement applies to each sexual offense.

Our construction is supported by our previous interpretation of another provision of OCGA § 17-10-6.2. In Evans, we considered subsection (c) of the statute, which allows a trial court to deviate from the mandatory minimum sentence of the split-sentence requirement. Evans, 300 Ga. at 272-273. There, we held that one sexual offense count could be a "relevant similar transaction," as that phrase is used in the statute, as to another sexual offense count in the same indictment for purposes of sentencing, because "when a trial court considers the appropriate sentence for [one count] of an indictment, it is the only criminal charge at issue, and not any other counts in the indictment." Id.

at 276.[5]    Because the downward deviation analysis under subsection (c) must be applied for each sexual offense, it would be incongruous to handle the split-sentence requirement any differently, for this requirement mandates the minimum term of imprisonment from which a deviation would apply. We therefore construe the two subsections as requiring the court to consider each sexual offense separately when fashioning a sentence for that particular offense, including whether to apply a downward deviation for a sentence on that count.

The State nevertheless argues that OCGA § 17-10-6.2 (b) does not apply to each sexual offense, but only to the "final offense." The State does not explain what it means by "final offense," but presumably it refers to the last

---

[5] The defendant in Evans was convicted of child molestation and sexual exploitation of children, both defined as sexual offenses in OCGA § 17-10-6.2 (a), and received a split sentence on the child molestation count, but not on the sexual exploitation conviction. See Evans, 300 Ga. at 272 (child molestation sentence was twenty years with five to serve; sexual exploitation sentence was five years to serve). In neither our opinion in Evans, nor in the Court of Appeals opinion that we reviewed, was it considered whether the trial court erred in failing to impose a split sentence on the sexual exploitation count. See generally id.; Evans v. State, 334 Ga. App. 104 (778 SE2d 360) (2015). Thus, neither opinion can be read as support for the proposition that a trial court is required to impose a split sentence on only one sexual offense count where there are multiple sexual offense convictions. See State v. Walker, 295 Ga. 888, 893 (764 SE2d 804) (2014) ("[O]ur decisions stand only for the points raised by the parties and decided by the court." (citations omitted)); Palmer v. State, 282 Ga. 466, 468 (651 SE2d 86) (2007) ("[Q]uestions which merely lurk in the record, neither brought to the attention of the court nor ruled upon, are not to be considered as having been so decided as to constitute precedents." (citations and punctuation omitted)).

8

conviction for which the court imposes a sentence. The State's argument fails for several reasons. First, it ignores the general requirement that the trial court impose a discrete sentence for each offense. Second, subsection (b) contains no reference to "final offense," or any language permitting the trial court to ignore the provision's dictates for some sentences when a defendant has been convicted of multiple sexual offenses. The separation of powers prohibits us from "add[ing] a line to [a] law [enacted by the legislature]." Turner v. Ga. River Network, 297 Ga. 306, 308-309 (773 SE2d 706) (2015).

2. *Our interpretation does not yield absurd results.*

The State's main argument, however, is that our interpretation would lead to absurd results because multiple consecutive split sentences could be executed only by releasing a defendant from incarceration to serve the probationary part of the split sentence before returning the defendant to prison to serve the next term of imprisonment on another sexual offense.[6] But this is

---

[6] The State also argues that the General Assembly did not intend for mandatory probationary periods, which would result from multiple split sentences, to be carried out independently of one another, and therefore the General Assembly did not intend for multiple split sentences. For support of this argument, the State relies on House Bill 304, introduced to revise OCGA § 17-10-1 (a) (4) so as to provide:

> In cases of imprisonment followed by probation, the sentence shall specifically provide that *the period of probation shall not begin until the*

9

not so. Nothing prohibits a trial court from imposing partially consecutive split sentences, such that the mandatory probationary period of one offense can run concurrently with the next offense's period of confinement.

(a) *Georgia law gives trial courts the authority to impose partially consecutive and partially concurrent sentences.*

A trial court's discretion in deciding how sentences should run is well established. See, e.g., Rooney v. State, 287 Ga. 1, 3-4 (3) (690 SE2d 804) (2010). That authority is codified in OCGA § 17-10-10 (a):

> Where at one term of court a person is convicted on more than one indictment or accusation, or on more than one count thereof, and sentenced to imprisonment, the sentences shall be

---

*defendant has completed service of the confinement portion of the sentence even when consecutive sentences are imposed wherein one of the sentences requires a mandatory period of probation. . . .*

(emphasis added to reflect the proposed amendment). The General Assembly did not pass House Bill 304, and so it does not reflect any legislative intent. As we have said before, the legislature's intent is discerned from the text of a duly enacted statute and the statute's context within the larger legal framework. See Deal v. Coleman, 294 Ga. 170, 172-173 (751 SE2d 337) (2013); see also Merritt v. State, 286 Ga. 650, 653-657 (690 SE2d 835) (2010) (Nahmias, J., concurring specially) ("[W]hen judges start discussing not the meaning of the statutes the legislature actually enacted, as determined from the text of those laws, but rather the unexpressed 'spirit' or 'reason' of the legislation, and the need to make sure the law does not cause unreasonable consequences, we venture into dangerously undemocratic, unfair, and impractical territory." (punctuation omitted)). We also express no opinion as to what effect the proposed language of House Bill 304 would have on this case if it had been enacted.

served concurrently unless otherwise expressly provided therein. This language creates a presumption that sentences will run concurrently, but empowers a trial court to "otherwise expressly provide[]." Nothing in the statute limits this authority by prohibiting a trial court from running one sentence partially concurrent and partially consecutive to another — a "hybrid" sentence, if you will. We have not previously addressed this issue directly.[7] When we harmonize the relevant sentencing provisions, including the split-sentence requirement under OCGA § 17-10-6.2 (b), we conclude that the discretion afforded to trial courts at sentencing includes the authority to impose partially consecutive and partially concurrent sentences.

We begin by considering the context of OCGA § 17-10-10 (a). For context we look to "other provisions of the same statute," "the structure and

---

[7] We have noted in the context of a speedy trial challenge that a person convicted on one charge could still suffer harm from delayed prosecution on another because "the possibility that the defendant already in prison might receive a sentence at least partially concurrent with the one he is serving may be forever lost if trial of the pending charge is postponed." Ruffin v. State, 284 Ga. 52, 58 (2) (b) (i), n.25 (663 SE2d 189) (2008) (quoting Smith v. Hooey, 393 U.S. 374, 378 (89 SCt 575, 21 LE2d 607) (1969)). The Court of Appeals has similarly relied on Hooey in resolving speedy trial claims. See, e.g., Leopald v. State, 333 Ga. App. 777, 783 (2) (d) (777 SE2d 254) (2015); Johnson v. State, 313 Ga. App. 895, 904 (2) (d) (i), n.57 (723 SE2d 100) (2012). We could find no Georgia case, nor could the parties, that directly resolves the question posed here.

history of the whole statute," and "the other law — constitutional, statutory, and common law alike — that forms the legal background of the statutory provision in question." May v. State, 295 Ga. 388, 391-392 (761 SE2d 38) (2014).

Although the legislature defines crimes and sets the ranges of sentences, see Rooney, 287 Ga. at 6 (3), trial courts generally have the discretion to fashion sentences that fit the crimes for which the defendant is convicted, so long as the sentences fall within the statutory ranges. See State v. Hudson, 293 Ga. 656, 660 (748 SE2d 910) (2013); see also OCGA § 17-10-1 (a) (only limitation in fixing a sentence is that the prescribed sentence indicates a specific number of months or years and falls within the statutory range); Sinkfield v. State, 262 Ga. 239, 239 (1) (416 SE2d 288) (1992) (although appellate courts will review claims that trial court committed procedural error in imposing sentence, courts do not consider claims that a valid sentence (within legal limits) is excessive); Monroe v. State, 250 Ga. 30, 36 (7) (295 SE2d 512) (1982) (appellate courts generally will not disturb the trial court's exercise of its sentencing discretion as long as the sentence is within the

parameters prescribed by the statute). Fashioning a sentence appropriate to the crimes includes the ability to probate and suspend parts of sentences upon reasonable conditions. OCGA § 17-10-1 (a) (1) (permitting a sentencing judge to suspend or probate all or any part of a defendant's sentence "under such rules and regulations as the judge deems proper" and subject to OCGA §§ 17-10-6.1 and 17-10-6.2); see also Hollie v. State, 287 Ga. 389, 390 (1) (696 SE2d 642) (2010) (upholding sex offender registration as condition of probation, because the probation and suspension statutes give trial judges broad discretion, and "appellate courts will approve any reasonable condition imposed for probation of sentence by the trial court in the absence of express authority to the contrary") (citation and punctuation omitted); State v. Pless, 282 Ga. 58, 60 (646 SE2d 202) (2007) ("Probated and suspended sentences, upon reasonable conditions, have traditionally been used by trial judges in Georgia as effective tools of rehabilitation and serve a useful purpose in appropriate cases as an alternative to confinement.") (citation and punctuation omitted).

Coextensive with their ability to impose a sentence that fits the crime, trial courts have great discretion in determining whether to run sentences

concurrently or consecutively. See <u>Rooney</u>, 287 Ga. at 3 (3). "The discretionary assessment of punishment within legislatively prescribed boundaries has long been ingrained and accepted in American jurisprudence," and OCGA § 17-10-10 (a) similarly frees a court to make a determination of whether to aggregate sentences. <u>Rooney</u>, 287 Ga. at 3-4 (3) (citation and punctuation omitted). And the authority provided by statute is consistent with the common-law tradition of entrusting to judges the discretion to decide whether sentences for discrete offenses are to be served consecutively or concurrently. Id. at 3 (3) (citing <u>Oregon v. Ice</u>, 555 U.S. 160, 163 (129 SCt 711, 172 LE2d 517) (2009)); see also <u>Simmons v. Georgia Iron & Coal Co.</u>, 117 Ga. 305, 318 (43 SE 780) (1903) ("While the Penal Code, § 1041, relates exclusively to felony cases, we entertain no doubt that the judge has power, under the common law, to impose cumulative sentences in misdemeanor cases.").[8]

---

[8] Section 1041 provided:
Where a person shall be prosecuted and convicted on more than one indictment, and the sentences are imprisonment in the penitentiary, such sentences shall be severally executed, the one after the expiration of the other; and the judge shall specify in each the time when the imprisonment shall commence and the length of its duration.

Penal Code 1895, § 1041; see also Penal Code 1910, § 1067 (same). This provision was carried forward into Code Ann. § 27-2510 of the 1933 Code, until it was repealed and substituted with the following:

We find within the law no limitation on this broad discretion that would preclude a trial court from running sentences partially concurrent and partially consecutive to one another. And in construing other statutes related to sentencing, we have found that a trial court's discretion is limited only by an express legislative act (like OCGA § 17-10-6.2 (b) here). See, e.g., Pless, 282 Ga. at 61 (probation statute, OCGA § 42-8-35, containing enumerated probation conditions, nevertheless provides broad discretion to impose any

---

Section 27-2510. (a) Where at one term of court a person is convicted on more than one indictment or accusation, or on more than one count thereof, and sentenced to imprisonment, such sentences shall be served concurrently unless otherwise expressly provided therein.

(b) Where a person is convicted on more than one indictment or accusation at separate terms of court, or in different courts, and sentenced to imprisonment, such sentences shall be served consecutively, the one after the other, unless otherwise expressly provided therein.

(c) This section shall apply alike to felony and misdemeanor offenses.

Ga. L. 1956, pp. 167-168, § 3. Subsection (b) was amended in 1963. See Ga. L. 1964, pp. 494-495, § 1 ("(b) Where a person is convicted on more than one indictment or accusation at separate terms of court, or in different courts, and sentenced to imprisonment, such sentences shall be served concurrently, the one with the other, unless otherwise expressly provided therein."); see also Baker v. State, 127 Ga. App. 403, 404 (5) (194 SE2d 122) (1972) ("Nothing in the 1956 and 1964 amendments to Code Ann. § 27-2510 changes the authority of the court to make" the determination how sentences should run.). In 1985, the statute, codified as OCGA § 17-10-10, was again amended to add subsection (d). See Ga. L. 1985, p. 288, § 1 ("This Code section shall govern and shall be followed by the Department of Corrections in the computation of time that sentences shall run.").

15

reasonable condition that is not expressly prohibited by law); Johnson v. State, 267 Ga. 77, 79 (475 SE2d 595) (1996) (although trial court possessed broad discretion to determine terms and conditions of probation, it lacked authority to order defendant to attend boot camp as condition of original misdemeanor sentence because statute expressly limited confinement in boot camp to situations in which the probation sentence is revoked).

Our conclusion is supported by another provision of the general sentencing statute, OCGA § 17-10-1 (a) (2). At the time Riggs was sentenced, that statute provided that "[a]ctive probation supervision shall not be required for defendants sentenced to probation while the defendant is in the legal custody of the Department of Corrections or the State Board of Pardons and Paroles." See Ga. L. 2015, pp. 482-483, § 5-30 (amending this sentence of subsection (a) (2) by substituting "[s]upervision" for "active probation supervision," but retaining the subsection's use of "active probation supervision" in other sentences). OCGA § 17-10-1 (a) (2) expressly contemplates the possibility that a defendant might be incarcerated while

simultaneously serving a term of probation.[9]

(b) *Our construction is consistent with other jurisdictions.*

Construing OCGA § 17-10-10 (a) to implicitly authorize hybrid sentencing is consistent with conclusions of the most relevant foreign jurisdictions that have considered the issue. We look to those jurisdictions, not to shed light on any particular provision of our law, but to understand whether and to what extent hybrid sentencing exists outside of Georgia. Our review shows that hybrid sentences, although not uniformly allowed, are not uncommon, either. And our search reveals that OCGA § 17-10-10 (a) is written in more expansive terms than the statutes of other states that have considered the issue of hybrid sentencing.

Several jurisdictions have allowed partially consecutive sentences. The federal government and one state statutorily authorize trial courts to impose partially consecutive sentences, as well as partially concurrent ones. See, e.g., United States v. Jarvis, 606 F3d 552, 554 (8th Cir. 2010) (recognizing that 18

_____

[9] Nothing we say here should be read as providing the trial court with the authority to limit the eligibility for paroles, as the State Board of Pardons and Parole is constitutionally vested with the power to grant parole and other relief from sentences. See Humphrey v. State, 297 Ga. 349 (773 SE2d 760) (2015).

USC § 3584 (a) and § 5G1.2 of federal sentencing guidelines permitted trial court to impose partially consecutive sentences); Smith v. State, 187 P3d 511, 512 (Alaska Ct. App. 2008). In other states, even where not expressly authorized by statute, trial courts have discretion to impose partially consecutive sentences. See People v. Trujillo, 261 P3d 485, 487-489 (Colo. Ct. App. 2010) (probation sentence could run consecutively to incarceration component of another sentence in a different case and concurrently to the paroled term of that other sentence); Lawson v. Commonwealth, 85 SW3d 571, 581-582 (Ky. 2002) (remanding for resentencing for jury to recommend whether defendant's two "convictions should be run consecutively or concurrently, *in whole or in part*") (emphasis added); State v. Trice, 976 P2d 569, 570-571 (Or. Ct. App. 1999) (sentencing statute giving a court the authority to exercise its discretion to impose consecutive or concurrent sentences implicitly authorized court to impose sentences that are partially consecutive and concurrent). Washington allows partially consecutive sentences in certain circumstances, but not in others. See In re Green, 283 P3d 606, 609-611 (Wash. Ct. App. 2012) (upholding hybrid sentence under one subsection

of sentencing statute and noting cases that disallow hybrid sentences under a different subsection).

Other courts have disallowed these sentences based on statutory language that differs from ours. See Wilson v. State, 5 NE3d 759, 763 (Ind. 2014) (holding that state's sentencing statute providing that "the court shall determine whether terms of imprisonment shall be served concurrently or consecutively, except in certain enumerated exceptions" contemplated "only consecutive or concurrent terms, not a hybrid of both, for a sentence on one count") (punctuation omitted); Commonwealth v. Ward, 534 A2d 1095, 1098-1099 (Pa. Super. Ct. 1987) (although repealed procedural rule seemed to allow trial court to impose partially consecutive sentences, this authority was foreclosed by a legislative act providing for automatic aggregation of consecutive sentences); see also State v. Vires, No. 2-04-31, 2-04-32, 2005 WL 579002 at *2, 2005 Ohio App. LEXIS 1090 at *4 (Ohio Ct. App. March 14, 2005) (trial court lacked authority to impose partially consecutive sentences due to statute mandating aggregation of consecutive sentences). The New Jersey Supreme Court ruled that partially consecutive sentences were illegal, not

because its sentencing statute stating that "multiple sentences shall run concurrently or consecutively as the court determines at the time of sentence" expressly barred them, but because such sentences would allow courts to design sentences that could vary widely and the unpredictability of that scheme would undermine state sentencing reforms' "paramount goal" of sentencing uniformity. State v. Rogers, 590 A2d 234, 235-237 (N.J. 1991) (citation and punctuation omitted).

These cases confirm our conclusion that OCGA § 17-10-10 permits hybrid sentences. We note that we do not have a statute expressly authorizing hybrid sentences, so we do not look to those jurisdictions — federal courts, Alaska, and, to some extent, Washington — where it is expressly permitted. Nor do we have a statute that automatically aggregates consecutive sentences. Therefore, court decisions from Pennsylvania and Ohio, which do aggregate consecutive sentences by law, are of no persuasive value. We also have no authority, like New Jersey does, that the ultimate goal of sentencing reform is to ensure uniformity; New Jersey's ruling, then, is of no import.

The remaining jurisdictions — Indiana, Colorado, Kentucky, and Oregon

20

— have evaluated whether statutory language authorizing trial courts to decide whether to impose "consecutive or concurrent" sentences also includes authority to impose a hybrid sentence. Of these four jurisdictions, only Oregon and Indiana addressed the issue directly by analyzing statutory language.[10] Indiana construed its sentencing statute as barring hybrid sentences, and it did so because the express terms of the statute contemplated only consecutive or concurrent terms. Wilson, 5 NE3d at 763 (reviewing statute providing that "the court shall determine whether terms of imprisonment shall be served concurrently or consecutively," except in certain enumerated exceptions). Oregon's sentencing statute similarly provides trial courts with the discretion to impose consecutive or concurrent sentences, but unlike Indiana, the Oregon Court of Appeals did not consider the disjunctive language as a limitation of two options; rather, the Oregon court found that, because "nothing in the

---

[10] In Lawson, the Kentucky Supreme Court did not explain why hybrid sentences were allowed notwithstanding the statute providing that "multiple sentences shall run concurrently or consecutively." See Lawson, 85 SW3d at 581-583. The Colorado Court of Appeals considered only a probation statute, not a generalized sentencing statute, to conclude that there was "no meaningful distinction between an order for a probationary sentence to be served consecutively to the entirety of another sentence, and an order for a probationary sentence to be served consecutively to the incarceration component of another sentence." Trujillo, 261 P3d at 488.

21

language of the statute . . . limit[ed] the court in the exercise of its discretion," its state courts had the implicit authority to impose partially concurrent and partially consecutive sentences. Trice, 976 P2d at 570-571 (considering statute providing that "[a] sentence imposed by the court may be made concurrent or consecutive to any other sentence which has been previously imposed or is simultaneously imposed upon the same defendant.") (emphasis omitted).

If our statute were written in the disjunctive like the statutes of Indiana and Oregon, we might arrive at a conclusion similar to Indiana's high court. See Haugen v. Henry County, 277 Ga. 743, 744-745 (2) (594 SE2d 324) (2004) ("The natural meaning of 'or,' where used as a connective, is to mark an alternative and present choice, implying an election to do one of two things[.]") (citation and punctuation omitted). But our statute is not written in the disjunctive. Rather, OCGA § 17-10-10 (a), or a version of it, has long provided that when a person is convicted of multiple offenses, "such sentences shall be served concurrently unless otherwise expressly provided therein." See Ga. L. 1956, p. 168, § 3. This language is written in much broader terms than Indiana's statute, providing this state's trial courts with discretion beyond the

two choices provided by the Indiana statute. Because our statute is not written in the disjunctive and there is otherwise no limitation on the broad discretion that would preclude a trial court from imposing hybrid sentences, we conclude that the trial court has such authority.

In sum, we conclude that OCGA § 17-10-6.2 (b) requires a split sentence on each sexual offense and that, under OCGA §§ 17-10-1 (a) (2) and 17-10-10 (a), the trial court may run a split sentence partially consecutive and partially concurrent to another sentence, such that the probationary component of a split sentence may be served concurrently with a period of confinement imposed by the sentence on another count. Our construction of OCGA § 17-10-6.2 (b) does not result in the absurdity the State fears.

Judgment affirmed. All the Justices concur.

Decided May 1, 2017.

Certiorari to the Court of Appeals of Georgia — 336 Ga. App. XXV

Meg E. Heap, District Attorney, Lyndsey H. Rudder, Christine S. Barker, Assistant District Attorneys, for appellant.

Darren D. Riggs, pro se.

23

<u>Brandon A. Bullard</u>, amicus curiae.