**FIFTH DIVISION**
**MCFADDEN, C. J.,**
**MCMILLIAN, P. J., and SENIOR APPELLATE JUDGE PHIPPS**

NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.
http://www.gaappeals.us/rules

**September 24, 2019**

# In the Court of Appeals of Georgia

A19A0895. REED v. THE STATE.

MCFADDEN, Chief Judge.

Representing himself pro se, Douglas Reed appeals from the trial court's denial of his 2018 motion to vacate as void a 2016 sentence imposed on a judgment entered on his guilty plea to numerous counts of possession of material depicting a minor engaged in sexually explicit conduct. He argues that his sentence was illegal in two respects: because it was a hybrid sentence that was partially consecutive and partially concurrent, and because it did not comply with the split-sentence requirements of OCGA § 17-10-6.2 (2014).[1] He also argues that the trial court should have appointed him counsel in connection with his motion to vacate his sentence. As detailed below,

---

[1] We apply the version of OCGA § 17-10-6.2 in effect at the time the offenses were committed, which the indictment alleged to be in 2014. See *Searcy v. State*, 162 Ga. App. 695, 698 (2) (291 SE2d 557) (1982). The statute has since been amended.

we disagree with Reed's argument that his sentence was void because of its hybrid nature. But we agree with him — and the state concedes — that the sentence was void because it violated OCGA § 17-10-6.2 (2014). So we vacate the sentence and remand the case for resentencing. Given this disposition, Reed's claim regarding his entitlement to appointed counsel is moot.

A trial court generally can modify a sentence only during the year after its imposition or within 120 days after remittitur following a direct appeal, whichever is later. See OCGA § 17-10-1 (f); *Frazier v. State*, 302 Ga. App. 346, 347-348 (691 SE2d 247) (2010). But "a sentencing court retains jurisdiction to correct a void sentence at any time." *McCranie v. State*, 335 Ga. App. 548, 554 (4) (782 SE2d 453) (2016) (citation and punctuation omitted). So Reed can invoke the trial court's jurisdiction to modify his sentence only by showing that the sentence is void. See *Brown v. State*, 295 Ga. App. 66, 67 (760 SE2d 867) (2008). "A sentence is void if the court imposes punishment that the law does not allow. When the sentence imposed falls within the statutory range of punishment, the sentence is not void . . . ." *Jones v. State*, 278 Ga. 669, 670 (604 SE2d 483) (2004) (citations and punctuation omitted).

Reed was convicted of 15 counts of possessing material depicting a minor engaged in sexually explicit conduct in violation of OCGA § 16-12-100 (b) (8) (2014). At the time Reed committed the acts, that Code section provided that a person who commits that offense "shall be punished by imprisonment for not less than five nor more than 20 years." OCGA § 16-12-100 (g) (1) (2014).[2] Moreover, a violation of OCGA § 16-12-100 (b) (8) is a sexual offense subject to the sentencing requirements of OCGA § 17-10-6.2. See OCGA § 17-10-6.2 (a) (10) (2014). The version of OCGA § 17-10-6.2 applicable to Reed's sentence required the imposition of a split sentence for each of the sexual offense counts for which Reed was convicted — in other words, the sentence on each count was required to include a mandatory minimum term of imprisonment followed by an additional probated sentence of at least one year. See OCGA § 17-10-6.2 (b) (2014); *State v. Riggs*, 301 Ga. 63, 64-65 (1) (799 SE2d 770) (2017). The trial court, however, was authorized to "run a split sentence partially consecutive and partially concurrent to another sentence, such that the probationary component of a split sentence [was to be] served concurrently with a period of confinement imposed by the sentence on another count." *Riggs*, supra at 74 (2) (b).

---

[2] An identical provision currently exists in OCGA § 16-12-10 (f) (1).

The trial court imposed a hybrid sentence that was partially consecutive and partially concurrent. Although Reed challenges the legality of his sentence on this ground, the above-cited authority makes clear that this aspect of the sentence was within the trial court's authority and so does not support Reed's argument that he received a void sentence.

But as the state concedes, the trial court did not impose a split sentence on each count. The trial court violated OCGA § 17-10-6.2 (b) (2014) by failing to impose split sentences on each of the offenses for which Reed was convicted, and so we vacate Reed's sentence and remand the case for resentencing. See *Riggs*, 301 Ga. at 63-64; *Hood v. State*, 343 Ga. App. 230, 234 (1) (807 SE2d 10) (2017).

In his motion below seeking to vacate his sentence, Reed also asked the trial court to "grant [him] counsel in this proceeding," apparently meaning his request that the trial court vacate and modify his sentence. Given our conclusion that the trial court must resentence Reed, this claim of error is moot.

*Sentence vacated and case remanded for resentencing. McMillian, P.J., and Senior Appellate Judge Herbert E. Phipps, concur.*