**SECOND DIVISION**
**MILLER, P. J.,**
**MERCIER, J., and PHIPPS, SENIOR APPELLATE JUDGE.**

**NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.**
**http://www.gaappeals.us/rules**

**January 27, 2021**

# In the Court of Appeals of Georgia

A20A1596. TORRES v. THE STATE.

PHIPPS, Senior Appellate Judge.

Following a 2017 jury trial, Andrew Blas Torres was convicted of four counts of incest, two counts of aggravated child molestation, and a single count each of rape and aggravated sexual battery. In an earlier appeal, this Court affirmed Torres' convictions, but vacated the sentences imposed on the four counts of incest and remanded for entry of new sentences on those counts. *Torres v. State*, 353 Ga. App. 470, 487 (6) (838 SE2d 137) (2020) (*Torres I*). Torres now appeals from the new sentencing order, arguing that the trial court abused its discretion by imposing a sentence that was "confusing" and "unreasonable." For the following reasons, we affirm.

The facts relevant to this appeal are undisputed, and show that after the jury found Torres guilty of the charged crimes, the trial court sentenced him to life on the counts of aggravated child molestation, rape, and aggravated sexual battery, and sentenced Torres to a total of 160 years on the four counts of incest, with all sentences to run consecutively. In *Torres I*, we found that the sentences imposed on the four incest counts were void because they did not comply with the version of OCGA § 17-10-6.2 (b) in effect at the time Torres committed those crimes.[1] 353 Ga. App. at 487 (6). Specifically, the incest sentences did "not each include a split

---

[1] The version of OCGA § 17-10-6.2 (b) in effect at the time of Torres's offenses provided, in relevant part:

> [A]ny person convicted of a sexual offense shall be sentenced to a split sentence which shall include the minimum term of imprisonment specified in the Code section applicable to the offense. No portion of the mandatory minimum sentence imposed shall be suspended, stayed, probated, deferred, or withheld by the sentencing court and such sentence shall include, in addition to the mandatory imprisonment, an additional probated sentence of at least one year.

Incest is included in the sexual offenses subject to the sentencing requirements of OCGA § 17-10-6.2 (b). See OCGA §§ 16-6-22 (b); 17-10-6.2 (a) (8). Although OCGA § 17-10-6.2 (b) was amended in 2017, the trial court was obligated to apply the version of the statute in effect at the time Torres committed the charged crimes. See *Martinez-Chavez v. State*, 352 Ga. App. 142, 143 (1) (834 SE2d 139) (2019).

sentence of incarceration and probation as required by the [applicable] version of OCGA § 17-10-6.2 (b)[.]" Id.

The incest counts were charged as counts 2, 3, 4, and 5 in the indictment. On remand, the trial court sentenced Torres on those counts as follows: on count 2, 50 years, with the first 49 years to be served in confinement and the balance on probation; on count 3, 30 years, with the first 29 years to be served in confinement and the balance on probation; on count 4, 50 years, with the first 49 to be served in confinement and the balance on probation; and on count 5, 30 years, with the first 29 years to be served in confinement and the balance on probation. The sentencing order further provided that the sentences for counts 3, 4, and 5 were each consecutive to the period of confinement for the previous count and concurrent with the one year on probation imposed in the previous count.

On appeal, Torres alleges that the split sentence imposed on each of the incest counts is "illogical," because he has received four years on probation in which he will never report to a probation officer, receive treatment, or pay fines or restitution. However, the sentences entered by the trial court on the incest counts comply with the applicable law. As the Supreme Court explained in *State v. Riggs*, 301 Ga. 63, 67 (2) (799 SE2d 770) (2017), a trial court may impose a "hybrid" sentence – i.e., a sentence

that runs "partially concurrent and partially consecutive to another" sentence. *Riggs*, 301 Ga. at 68 (2) (a). To comply with the provisions of the applicable version of OCGA § 17-10-6.2 (b), "the trial court may run a split sentence partially consecutive and partially concurrent to another sentence, such that the probationary component of a split sentence may be served concurrently with the period of confinement imposed by the sentence on another count." Id. at 74 (2) (b). This is exactly what the trial court did.

*Judgment affirmed. Miller, P.J., and Mercier, J., concur.*