# Court of Appeals
# of the State of Georgia

ATLANTA,  August 12, 2022

*The Court of Appeals hereby passes the following order:*

## A23A0116. JOSE DEJESUS REYES v. THE STATE.

In 2016, Jose Dejesus Reyes entered a negotiated plea to two counts of statutory rape and two counts of aggravated child molestation. The trial court sentenced Reyes to concurrent sentences of 20 years with the first 12 years to be served and the remainder on probation. In May 2022, Reyes filed a motion alleging his sentence was void. Although his argument is not entirely clear, it appears that he is challenging the trial court's failure to adhere to an agreed upon deviation in sentencing.[1] The trial court dismissed the motion, finding that Reyes had not raised a valid void-sentence claim, and Reyes filed this appeal.

A direct appeal may lie from an order denying or dismissing a motion to vacate a void sentence, but only if the defendant raises a colorable claim that the sentence is, in fact, void. See *Harper v. State*, 286 Ga. 216, 217 n.1 (686 SE2d 786) (2009); *Burg v. State*, 297 Ga. App. 118, 119 (676 SE2d 465) (2009).  A sentence is void only if it imposes punishment that the law does not allow. *Crumbley v. State*, 261 Ga. 610, 611 (1) (409 SE2d 517) (1991). "Motions to vacate a void sentence generally are limited to claims that – even assuming the existence and validity of the conviction for which the sentence was imposed – the law does not authorize that sentence, most typically because it exceeds the most severe punishment for which the applicable penal statute provides."  *Von Thomas v. State*, 293 Ga. 569, 572 (2) (748 SE2d 446) (2013).

---

[1] The trial court entered an order finding that deviating from the mandatory sentence was warranted pursuant to OCGA § 17-10-6.2 (c).

The maximum sentence for aggravated child molestation is life imprisonment, and the maximum sentence for statutory rape is 20 years. See OCGA §§ 16-6-4 (d) (aggravated child molestation) and 16-6-3 (b) (statutory rape). Because the trial court had discretion to run the sentences consecutively, see *State v. Riggs*, 301 Ga. 63, 69 (2) (799 SE2d 770) (2017), Reyes faced a potential sentence of two life sentences plus forty years. Accordingly, Reyes's sentence of 20 years with 12 to serve was well within the statutory range.

Because Reyes has not raised a colorable claim that his sentence is void, we lack jurisdiction to consider this appeal. See *Roberts v. State*, 286 Ga. 532, 532 (690 SE2d 150) (2010). Accordingly, this appeal is hereby DISMISSED.



*Court of Appeals of the State of Georgia*
*Clerk's Office, Atlanta,  08/12/2022*

*I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*

*Witness my signature and the seal of said court hereto affixed the day and year last above written.*

*Stephen E. Castlen* , Clerk.