**FIFTH DIVISION**
**MERCIER, C. J.,**
**MCFADDEN, P. J., and RICKMAN, J.**

**NOTICE: Motions for reconsideration must be**
***physically received*** **in our clerk's office within ten**
**days of the date of decision to be deemed timely filed.**
**https://www.gaappeals.us/rules**

**March 19, 2024**

# In the Court of Appeals of Georgia

A24A0214. THOMAS v. THE STATE.

MERCIER, Chief Judge.

Noel McDonald Thomas appeals pro se from the trial court's order denying his Motion to Vacate Void Sentence. For reasons that follow, we reverse the trial court's order on the motion to vacate, vacate Thomas's sentence as to Count 3 of the indictment, and remand the case for resentencing. We also vacate the trial court's ruling on Thomas's companion motion to withdraw his guilty plea and remand for further proceedings on that motion.

Following a negotiated guilty plea, Thomas was convicted of two counts of child molestation (Counts 2 and 3 of the indictment)[1] and sentenced as follows: (1) 20

---

[1] The trial court entered an order of nolle prosequi as to Count 1 (aggravated child molestation), Count 4 (sexual battery), Count 5 (criminal attempt to commit a

years on Count 2, with the first 10 years to be served in confinement and the remainder on probation, and (2) 10 years on Count 3 to be served on probation consecutive to Count 2. Several years later, Thomas filed a Motion to Vacate Void Sentence, arguing that pursuant to the version of OCGA § 17-10-6.2 in force when he committed the crimes, his sentence with respect to Count 3 was void because the trial court failed to impose a split sentence. The trial court denied the motion, concluding that the sentence complied with the statute applicable at the time of sentencing in 2019. Thomas also filed a motion to withdraw his guilty plea based on the void sentence, which the trial court dismissed. This appeal followed.

1. Thomas pled guilty to and was convicted of child molestation crimes occurring in 2012 (Count 2) and 2013 (Count 3). At the time the crimes were committed, OCGA § 17-10-6.2 required split sentencing for sexual offenses:

> [A]ny person convicted of a sexual offense shall be sentenced to a split sentence which shall include the minimum term of imprisonment specified in the Code section applicable to the offense. No portion of the mandatory minimum sentence imposed shall be suspended, stayed, probated, deferred, or withheld by the sentencing court and such

felony), and Count 6 (sexual battery).

> sentence shall include, in addition to the mandatory imprisonment, an additional probated sentence of at least one year.

OCGA § 17-10-6.2 (b) (2013). As to Count 2, the trial court imposed a split sentence of incarceration and probation. The probationary sentence imposed for Count 3, however, was not split. See *State v. Riggs*, 301 Ga. 63, 63 (799 SE2d 770) (2017) ("a split sentence" under OCGA § 17-10-6.2 is a sentence that includes "a mandatory minimum term of imprisonment followed by an additional probated sentence").

Rejecting Thomas's void sentence claim, the trial court found that it properly sentenced Thomas under the statute in force in 2019, which incorporated a 2017 statutory amendment that altered the split sentence requirement. A trial court, however, is "obligated to sentence [a defendant] pursuant to the statute in effect *at the time he committed his crime*." *Allen v. State*, 368 Ga. App. 554, 560 (6) (a) (890 SE2d 479) (2023) (citation and punctuation omitted; emphasis supplied); see also *Widner v. State*, 280 Ga. 675, 677 (2) (631 SE2d 675) (2006) ("It has long been the law in this State that, in general, a crime is to be construed and punished according to the provisions of the law existing at the time of its commission.") (citation and punctuation omitted). Although the legislature amended the split sentence provision

in 2017, see OCGA § 17-10-6.2 (b) (2017), that amendment does not control here. The trial court was required to sentence Thomas on Count 3 pursuant to the statute in effect in 2013, when he committed the crime.[2] See *Allen*, 368 Ga. App. at 560 (6) (a); *Martinez-Chavez v. State*, 352 Ga. App. 142, 143 (1) (834 SE2d 139) (2019); see also *Riggs*, 301 Ga. at 63 (prior to 2017 amendment, a trial court sentencing a defendant under OCGA § 17-10-6.2 (b) was required to impose a split sentence).

"A sentencing court retains jurisdiction to correct a void sentence at any time." *Martinez-Chavez*, 352 Ga. App. at 143 (1) (citation and punctuation omitted). "A void sentence is one that imposes punishment that the law does not allow." Id. (citation and punctuation omitted). Because the 10-year probationary sentence on Count 3 violated the split-sentence requirement in OCGA § 17-10-6.2 (b) (2013), it imposed punishment that the law does not allow and is therefore void. See id. at 143-144 (1) (probationary sentences for incest, statutory rape, and child molestation void because they violated the split sentence requirement). Under these circumstances, we must reverse the trial court's order denying Thomas's motion to vacate a void sentence,

---

[2] We note that the trial court applied the wrong version of the statute based on dicta from our decision in *Brown v. State*, 345 Ga. App. 622, 623 (814 SE2d 738) (2018). Dicta, however, "is not binding on anyone for any purpose." *Alexander v. State*, 313 Ga. 521, 529 (3) (870 SE2d 729) (2022).

vacate the sentence imposed on Count 3, and remand this case for resentencing in compliance with OCGA § 17-10-6.2 (b) (2013).[3] See id. at 144 (1).

2. Thomas further argues that his guilty plea was involuntary and not intelligently and knowingly entered because "[n]o person should be expected to acquiesce to a void sentence." Although his claim in this regard is not completely clear, it appears that, given the void sentence, he now seeks to withdraw his guilty plea as to that count.

The record shows that in conjunction with the motion to vacate his sentence as void, Thomas filed a motion to withdraw his guilty plea based on the illegality of his sentence. The trial court dismissed the motion to withdraw, concluding that it lacked jurisdiction to address the motion's merits because the term of court in which Thomas

---

[3] On appeal, the State suggests that the probationary sentence on Count 3 constituted a "downward departure" from the sentencing mandates in OCGA § 17-10-6.2 (b) (2013). It is true that subsection (c) of the sentencing statute vested the trial court with discretion to deviate from the mandatory minimum sentences set forth in subsection (b). See OCGA § 17-10-6.2 (c) (1) (2013). But the statute required the trial court to set forth in writing the reasons for the deviation. See OCGA § 17-10-6.2 (c) (2) (2013). We have found no record evidence that the sentence on Count 3 involved a downward departure. Neither the plea transcript nor the written sentence mentions a deviation or provides any statement as to why the trial court might have departed from the sentencing requirements. And the trial court's order denying the void sentence claim does not reference a downward departure.

pled guilty and was sentenced had expired. But "where a sentence is void and the defendant has filed a motion to withdraw the guilty plea prior to resentencing, the defendant may withdraw his plea as a matter of right until he is properly sentenced, even if the motion was filed outside the term of court in which the sentence was imposed." *Martinez-Chavez*, 352 Ga. App. at 144 (2). Given the void sentence as to Count 3, Thomas has "an absolute right to withdraw his plea" on Count 3 before resentencing, and the trial court had jurisdiction to consider his motion. See id. Accordingly, we vacate the order dismissing Thomas's motion to withdraw his guilty plea on Count 3 and remand for further proceedings consistent with this opinion.

*Judgment reversed in part and vacated in part, sentence vacated in part, and case remanded. McFadden, P. J., and Rickman, J., concur.*