## A99A1884, A99A2000. SYMS v. THE STATE (two cases).
### (523 SE2d 42)

ELLINGTON, Judge.

In Case No. A99A1884, Leroy Syms appeals from the trial court's order denying his motion for an out-of-time appeal. He contends the trial court failed to inform him that he had 30 days in which to appeal the entry of his guilty plea. In Case No. A99A2000, Syms appeals from the trial court's order denying his motion for supersedeas bond pending this appeal. Because these appeals arise from the same criminal convictions, we consolidate them. Because the superior court had no duty to inform Syms of his qualified right to appeal from convictions which were the result of his guilty plea, we affirm the superior court's orders.

The history of this case is set out in *Syms v. State*, 232 Ga. App. 724 (502 SE2d 741) (1998):

> On September 24, 1996, Leroy Syms, while represented by legal counsel, pled guilty to eight counts of forgery, nine counts of theft by receiving stolen checks and one count of financial transaction card theft. The trial court sentenced Syms to ten-year concurrent terms on each forgery count, twelve months on each theft by receiving stolen checks, and three years on the financial transaction card theft. On December 23, 1996, the trial court denied Syms' pro se Motion for Modification of Sentence. On April 14, 1997, Syms filed a pro se Motion to Correct Void and Illegal Sentence. The trial court denied the modification motion by order dated September 4, 1997. Syms filed a pro se notice of appeal on September 22, 1997.

(Footnote omitted.) Id. We dismissed Syms' notice of appeal because it was untimely filed. Id. On December 28, 1998, Syms filed with the superior court a motion for an out-of-time appeal, which was denied on December 31, 1998. On January 11, 1999, Syms filed a notice of appeal from that order. On May 7, 1999, Syms filed a motion for supersedeas bond pending this appeal. The superior court summarily denied the bond motion on May 11, 1999,[1] and Syms filed a notice of appeal from that order on May 20, 1999.

1. In Case No. A99A1884, Syms contends the superior court erred in denying his motion for an out-of-time appeal.[2] Syms argues

---

[1] The court also denied Syms' previous motion for an appeal bond during the pendency of his untimely direct appeal on May 11, 1999. The court found that Syms' appeal was frivolous and untimely and that Syms posed a significant risk of flight and of committing other crimes while on bond.

[2] Syms also enumerates several allegations of error pertaining to sentencing. Because

he was entitled to an out-of-time appeal because the court failed to inform him of his right to appeal his convictions within 30 days and to have counsel appointed to assist him on appeal. Syms, who was represented by counsel, does not argue that he lost his appellate rights due to ineffective assistance of counsel.

"The denial of a motion for an out-of-time appeal is a matter within the discretion of the trial court, and the trial court's decision will not be reversed absent abuse of such discretion." *Dover v. State*, 237 Ga. App. 797, 798 (516 SE2d 839) (1999). Syms, as the movant, bears the burden of showing "good and sufficient" reason entitling him to an out-of-time appeal. *Wheeler v. State*, 269 Ga. 547, 548 (499 SE2d 629) (1998). Also, an out-of-time appeal is a remedy for a frustrated *right* of appeal; therefore, Syms must show that he was entitled to a direct appeal. *Grantham v. State*, 267 Ga. 635 (481 SE2d 219) (1997). Because a criminal defendant has no unqualified or absolute right to file a direct appeal from a judgment of conviction and sentence entered upon a guilty plea, Syms can meet his burden in this case only by setting "forth the questions he would raise should the appeal be granted, and show[ing] that the questions could be resolved by facts appearing in the appellate record." (Citation omitted.) *Wheeler v. State*, 269 Ga. at 548; see also *Smith v. State*, 266 Ga. 687 (470 SE2d 436) (1996). Finally, the disposition of a motion for out-of-time appeal hinges on who bore the ultimate responsibility for the failure to file a timely appeal. *Cannon v. State*, 175 Ga. App. 741, 742 (334 SE2d 342) (1985). An out-of-time appeal is not authorized if the delay was attributable to the appellant's conduct, either alone or in concert with counsel. *Hasty v. State*, 213 Ga. App. 731, 732 (445 SE2d 836) (1994).

Pretermitting whether the issues raised in Syms' appeal could be resolved by facts appearing in the appellate record, Syms has failed to show that whatever qualified appellate rights he might have had were frustrated as a result of the superior court's conduct. The superior court's duty was to ensure that Syms understood the constitutional rights he was waiving by entering a guilty plea and to confirm that he had a full understanding of what the plea connotes and of its consequences. *Knight v. Sikes*, 269 Ga. 814, 816 (1) (504 SE2d 686) (1998). We find no case or statutory law imposing upon the superior court a duty to advise a defendant that he may have a right to directly appeal the convictions which result from the entry of his guilty plea. See id.; Uniform Superior Court Rules 33.5, 33.8-33.12. Syms has not alleged he received ineffective assistance of counsel nor

we conclude that Syms is not entitled to an out-of-time appeal, we lack jurisdiction to address these arguments.

has he argued that his guilty plea was less than knowing, voluntary, and intelligent. Rather, his entire argument for an out-of-time appeal is premised upon the court's failure to perform a non-existent duty. Therefore, we must conclude the delay in filing the appeal was attributable to Syms or to Syms and his counsel. Because Syms has not carried his burden of proving "good and sufficient" reason entitling him to an out-of-time appeal, the trial court did not abuse its discretion in denying his motion. See *Wheeler v. State*, 269 Ga. at 548.

2. In Case No. A99A2000, Syms contends the trial court erred in denying his motion for supersedeas bond. However, since we affirm the order dismissing his appeal, this issue is moot. See *Hunter v. State*, 219 Ga. App. 758, 759 (3) (467 SE2d 2) (1996).

*Judgments affirmed. Andrews, P. J., and Ruffin, J., concur.*

DECIDED SEPTEMBER 28, 1999 —
RECONSIDERATION DENIED OCTOBER 20, 1999 — ▮▮▮▮▮▮▮▮

Leroy Syms, *pro se.*

*Spencer Lawton, Jr., District Attorney, Lori E. Loncon, David T. Lock, Assistant District Attorneys*, for appellee.