## A03A1800. COPELAND v. THE STATE.
### (592 SE2d 540)

BARNES, Judge.

Elmore Copeland appeals the trial court's denial of his motion for an out-of-time appeal. For the reasons that follow, we reverse.

On April 28, 2000, a jury convicted Copeland of two counts of forgery in the first degree, and the trial court sentenced him to serve ten years on each count, to run concurrently. The court imposed the sentence under the recidivist provision of OCGA § 17-10-7 (c), based on prior felony convictions for burglary, aggravated assault, and possession of a firearm by a convicted felon, which requires Copeland to serve all ten years without the possibility of parole. Copeland filed a direct appeal attacking various substantive issues regarding his convictions, and this court affirmed the convictions in *Copeland v. State*, 248 Ga. App. 346 (546 SE2d 351) (2001).

Copeland subsequently filed a motion to correct a void sentence, which the trial court denied on November 6, 2001. He filed a motion for reconsideration on April 2, 2002, arguing that his sentence as a recidivist requiring him to serve ten years without the possibility of parole was void. The trial court denied the motion the same day it was filed, and Copeland filed a notice of appeal on April 16, 2002. Because the motion for reconsideration did not extend the time for filing the notice of appeal, this court dismissed the appeal as untimely, under the authority of *Simmons v. State*, 228 Ga. App. 470 (491 SE2d 908) (1997).

Copeland then filed a pro se motion for an out-of-time appeal of the denial of his motion to correct a void sentence, contending that he told his attorney he wanted to appeal the denial of his motion, but despite numerous requests for information about his case, his attorney failed to respond. Copeland argued that he then filed the unsuccessful motion for reconsideration and subsequent notice of appeal himself. He argued in his motion for an out-of-time appeal that his attorney abandoned his appeal despite Copeland's requests to proceed, and thus he should be granted permission to file the notice of

appeal to this court. The trial court denied the motion without elaboration.

"A trial court has no jurisdiction to modify a sentence after the term of court ends or 60 days pass. Where a sentence is void, however, the court may resentence the defendant at any time. A sentence is void if the court imposes punishment that the law does not allow." (Citations omitted.) *Crumbley v. State*, 261 Ga. 610, 611 (1) (409 SE2d 517) (1991). The opinion on Copeland's direct appeal does not address the validity of his sentence imposed under the recidivist statute, *Copeland v. State*, supra, 248 Ga. App. 346, and a direct appeal lies from the denial of a petition attacking a sentence based upon the contention that it is void. *Williams v. State*, 271 Ga. 686, 688-689 (1) (523 SE2d 857) (1999).

"The denial of a motion for an out-of-time appeal is a matter within the discretion of the trial court, and the trial court's decision will not be reversed absent abuse of such discretion." *Dover v. State*, 237 Ga. App. 797, 798 (516 SE2d 839) (1999).

> The disposition of a motion for out-of-time appeal hinges on a determination of who bore the ultimate responsibility for the failure to file a timely appeal. Our courts have long recognized the right to effective assistance of counsel on appeal from a criminal conviction, and have permitted out-of-time appeals if the appellant was denied his right of appeal through counsel's negligence or ignorance, or if the appellant was not adequately informed of his appeal rights. The right to appeal is violated when the appointed lawyer deliberately forgoes the direct appeal without first obtaining his client's consent. Such action constitutes ineffectiveness. A criminal defendant who has lost his right to appellate review of his conviction due to error of counsel is entitled to an out-of-time appeal.

*Harrell v. State*, 257 Ga. App. 525 (571 SE2d 502) (2002).

The evidence in the record clearly supports Copeland's contention that he tried to get his lawyer to appeal the trial court's denial of his motion to correct a void sentence. He sent a letter to his lawyer on the date of the hearing and order, November 6, 2001, and a letter to the court reporter the same day, seeking a copy of the hearing transcript. He received a response from his lawyer's paralegal on November 20, 2001, stating she was forwarding his letter to the lawyer, who would contact Copeland if he had any questions. Copeland sent a follow-up letter on November 20, 2001, and received a similar response from the paralegal on December 14, 2001. Copeland sent another letter on December 19, 2001, asking what the next step in his appeal

would be, and yet another letter on December 30, 2001, asking about the possibility of a habeas corpus petition. On February 21, 2002, Copeland received a letter from his lawyer's paralegal regarding a request for photocopies of legal material, and on April 30, 2002, received a short letter from his lawyer to "let you know that we have not forgotten about you, and that you will hear from us in the near future about the status and progress in your case." By that time, of course, the time for a direct appeal of the trial court's November 6, 2001 denial of his motion to correct a void sentence had long since run.

Because the record shows that Copeland's lawyer failed to appeal the trial court's order denying the motion to correct a void sentence despite numerous requests from Copeland to do so, we conclude that the trial court abused its discretion in denying his motion for an out-of-time appeal.

*Judgment reversed. Andrews, P. J., and Adams, J., concur.*

DECIDED DECEMBER 22, 2003.

Elmore L. Copeland, *pro se.*

Robert E. Keller, *District Attorney,* Staci L. Guest, *Assistant District Attorney,* for appellee.