**SECOND DIVISION**
**BARNES, P. J.,**
**BOGGS and RICKMAN, JJ.**

**NOTICE: Motions for reconsideration must be** *physically received* **in our clerk's office within ten days of the date of decision to be deemed timely filed.**
**http://www.gaappeals.us/rules**

**August 10, 2016**

# In the Court of Appeals of Georgia

A16A1058. JACKSON v. THE STATE.

BOGGS, JUDGE.

William Jackson appeals the trial court's denial of his motion to correct a void sentence, contending that the trial court erred when it (1) failed to impose split sentences on his convictions for child molestation, as required by OCGA § 17-10-6.2 (b), and (2) failed to consider and impose sentences below the statutory minimums, as permitted by § 17-10-6.2 (c). Because Jackson's sentences are void for failure to comply with the § 17-10-6.2 split-sentence requirement, we are constrained to vacate them and remand this case for resentencing.

In 2013, Jackson pled guilty to three counts of child molestation and ten counts of sexual exploitation of a minor. The trial court imposed concurrent 20-year prison sentences on each of the child molestation counts and concurrent sentences of 20

years' probation on each of the sexual exploitation counts, to be served consecutively to the prison terms. The record contains no indication that Jackson directly appealed his judgment of conviction. In July 2015, Jackson filed a motion to correct a void sentence, which the trial court denied. This appeal followed.

Jackson argues that his sentences are void because the trial court (1) failed to impose split sentences on his child molestation convictions, as required by OCGA § 17-10-6.2 (b), and (2) failed to exercise and "cast upon the record" its discretion to deviate below the statutory minimum sentences, under § 17-10-6.2 (c). We agree with the first of these contentions and further conclude that Jackson's sentences for sexual exploitation of children also are void, for the reasons discussed below.

The interpretation of a statute is a question of law, which we review de novo on appeal. *State v. Hammonds*, 325 Ga. App. 815, 815 (755 SE2d 214) (2014). A trial court generally may modify a sentence only during the year after its imposition or within 120 days after remittitur following a direct appeal, whichever is later. See OCGA § 17-10-1 (f); *Frazier v. State*, 302 Ga. App. 346, 348 (691 SE2d 247) (2010). However, "a sentencing court retains jurisdiction to correct a void sentence at any time." (Punctuation omitted). *McCranie v. State*, 335 Ga. App. 548, 554 (4) (782 SE2d 453) (2016) "A sentence is void if the court imposes punishment that the law

2

does not allow." (Punctuation omitted). *Jones v. State*, 278 Ga. 669, 670 (604 SE2d 483) (2004) "When the sentence imposed falls within the statutory range of punishment, the sentence is not void . . . ." Id.

A person over the age of eighteen who is convicted of a first offense of child molestation is subject to a split sentence, which must include a mandatory-minimum five-year prison term, to be followed by at least one year of probation.[1] OCGA §§ 16-6-4 (b); 17-10-6.2 (a) (5), (b). A person over the age of eighteen who is convicted of sexual exploitation of children likewise is subject to a split sentence, which also must include a mandatory-minimum five-year prison term, to be followed by at least one year of probation.[2] OCGA §§ 16-12-100 (f); 17-10-6.2 (a) (10), (b). A trial court may, however, in its discretion, impose a sentence below the statutory minimum for either offense if it finds the existence of six mitigating factors set forth in § 17-10-6.2 (c) (1). See OCGA § 17-10-6.2 (a) (5), (10), (c). When a trial court deviates below the mandatory-minimum sentence under § 17-10-6.2 (c) (1), it must issue a written order

---

[1]Jackson was 45 years old when the trial court sentenced him. The record contains no indication that he previously had been convicted of child molestation.

[2]A statutory exception for misdemeanor sexual exploitation of children is inapplicable here. See OCGA § 16-12-100 (f) (2), cross-referencing OCGA § 16-12-100 (c).

setting forth the reasons therefor.[3] OCGA § 17-10-6.2 (c) (2); *McCranie*, supra, 335 Ga. App. at 555 (4).

A sentence that does not comply with the § 17-10-6.2 split-sentence requirement is void. See *New v. State*, 327 Ga. App. 87, 106-109 (5) (755 SE2d 568) (2014). A sentence below the statutory minimum for an offense subject to the split-sentence requirement likewise is void where the trial court fails to enter the required written findings indicating that it was exercising its discretion to impose a downward deviation. *McCranie*, supra, 335 Ga. App. at 556 (4).

We first note that Jackson's challenge to the trial court's failure to consider and impose sentences below the mandatory minimums does not state a void-sentence claim. The failure to deviate – or consider deviating – below a minimum sentence does not render the sentence one "that the law does not allow," so long as the sentences imposed remain within the range of punishments permitted by law. See *Jones*, supra, 278 Ga. at 670.

Nevertheless, the sentences imposed for Jackson's child molestation convictions are void because they do not comply with the § 17-10-6.2 split-sentence

---

[3] A trial court also may deviate below the mandatory minimum when the State and the defendant have agreed upon such a sentence. See OCGA § 17-10-6.2 (c) (1). The record contains no indication of any such agreement in this case.

4

requirement. The court was required to impose a total sentence on each of these counts that included at least one year of probation. See OCGA §§ 16-6-4 (b); 17-10-6.2 (a) (5), (b). Consequently, Jackson's 20-year prison sentences are void because they include no probation. See *New*, 327 Ga. App. at 106-109 (5); see also *Spargo v. State*, 332 Ga. App. 410, 411-412 (773 SE2d 35) (2015) (holding that 20-year prison sentences for child molestation convictions were void); *Clark v. State*, 328 Ga. App. 268, 270 (1) (761 SE2d 826) (2014) (same).

Although not raised by either party, we conclude that Jackson's probation-only sentences for sexual exploitation of children also are void. See *von Thomas v. State*, 293 Ga. 569, 573 (2) (748 SE2d 446) (2013) ("[A] sentence which is not allowed by law is void, and its illegality may not be waived." (Punctuation and emphasis omitted).) As was the case with Jackson's child molestation convictions, the trial court was required to impose sentences for his sexual exploitation convictions of at least five years in prison, to be followed by at least one year of probation. See OCGA §§ 16-12-100 (f); 17-10-6.2 (a) (10), (b). By imposing probation-only sentences for these convictions, the trial court deviated below the mandatory-minimum five-year prison sentence, but failed to enter the required written findings regarding each of the § 17-10-6.2 (c) (1) factors that must be considered when doing so. See OCGA § 17-

5

10-6.2 (c) (2); *McCranie*, 335 Ga. App. at 555-556 (4). Accordingly, because each of the sentences imposed in this case is void as a matter of law, we must vacate Jackson's sentences and remand this case for resentencing under § 17-10-6.2, in accordance with this opinion.

In so holding, we recognize and approve the special concurrence of Judge Ray in *New*, supra, 327 Ga. App. at 109-110, and vacate and remand this sentence which did not comply with OCGA § 17-10-6.2.

*Judgment vacated and case remanded for resentencing. Barnes, P. J., and Rickman, J., concur.*