**FIRST DIVISION**
**BARNES, P. J.,**
**MCMILLIAN and MERCIER, JJ.**

NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.
http://www.gaappeals.us/rules

**October 19, 2017**

# In the Court of Appeals of Georgia

A17A1147. HOOD v. THE STATE.

MERCIER, Judge.

On April 18, 2011, James Hood pled guilty in the Superior Court of Polk County to one count of child molestation and one count of statutory rape. On the same date, the trial court sentenced Hood to 20 years (10 to serve, with the remainder on probation) on Count 5, statutory rape, and to 15 years of probation on Count 1, child molestation, to run consecutively to Count 5. The sentencing order was entered on April 25, 2011. On January 4, 2016, acting pro se, Hood filed a "Motion to Vacate Void Sentence," contending that the statutory rape charge should have merged into the child molestation charge and that the trial court "failed to split each count of [his] sentence in violation of OCGA § 17-1-6.2." In an order entered on January 26, 2016,

the trial court denied Hood's motion, stating that it "[found] no legal pleading to be filed in [the] [c]ourt, and no issue filed to be considered[.]"

On May 16, 2016, Hood filed a motion for out-of-time appeal (the "first motion"), asserting that through no fault of his own, he was unaware of the court's denial of his motion to vacate void sentence until May 9, 2016. On June 21, 2016, the court entered an order denying Hood's first motion, noting that a defendant seeking an out-of-time appeal "must show that he was entitled to a direct appeal," and finding that Hood had "established nothing in his [m]otion that would cause [the] [c]ourt to grant him the relief requested[.]"

Hood filed a second motion for out-of-time appeal (the "second motion") on November 28, 2016, again arguing that he did not receive timely notice of the trial court's denial of his motion to vacate void sentence, but also stating that he received no timely notice of the trial court's denial of his first motion for out-of-time appeal. On January 4, 2017, the trial court denied Hood's second motion, noting that it had "denied an almost duplicate motion on June 17, 2016 as well as denied a Motion to Vacate Void Sentence on January 26, 2016" and again noting that a "defendant must show that he was entitled to a direct appeal" when seeking an out-of-time appeal. The trial court did not address Hood's claim that he received no timely notice of its

2

decisions denying his motion to vacate void sentence and denying the first motion for out-of-time appeal.

Hood appeals the denial of his second motion for out-of-time appeal. He contends that the trial court erred when it denied that motion;[1] that it violated his Fifth [sic] Amendment rights when it sentenced him separately for two offenses that should have been merged; and that it violated his Fifth [sic] Amendment rights when it failed to sentence him to a split sentence on each count of which he was convicted. For the reasons that follow, we vacate in part the trial court's order denying his second motion for out-of-time appeal, to the extent it held that Hood was not entitled to a direct appeal from the denial of his motion to vacate void sentence as to the void sentence claim raised therein; affirm that order in part to the extent it held that Hood was not entitled to a direct appeal from the denial of his motion to vacate void sentence as to the merger claim raised therein; vacate Hood's sentence on his child molestation conviction; and remand this case to the trial court for resentencing.

---

[1] Hood's enumeration of error states that the "trial court erred when it denied Appellant's motion for out of time appeal." In his argument, he contends that the court erred in denying both motions for out-of-time appeal, but the denial of the first motion is not before this Court in this appeal.

The denial of a motion for an out-of-time appeal is, in general, directly appealable. *Butts v. State*, 244 Ga. App. 366-367 (536 SE2d 154) (2000) (denial of motion for out-of-time appeal is directly appealable); see *Richards v. State*, 275 Ga. 190, 191 (563 SE2d 856) (2002) (denial of a motion for out-of-time appeal from criminal conviction is directly appealable when the conviction at issue has not undergone appellate review). "The denial of a motion for an out-of-time appeal is a matter within the discretion of the trial court, and the trial court's decision will not be reversed absent abuse of such discretion." *Copeland v. State*, 264 Ga. App. 905, 906 (592 SE2d 540) (2003) (citation and punctuation omitted). The movant "bears the burden of showing 'good and sufficient' reason entitling him to an out-of-time appeal." *Syms v. State*, 240 Ga. App. 440, 441 (1) (523 SE2d 42) (1999) (citations and punctuation omitted).

Citing *Syms*, supra, and using identical language as that in its denial of the first motion, the Court denied the second motion on the basis that Hood had not demonstrated that he was entitled to a direct appeal, implying that it was basing its decision on the issue of whether Hood was entitled to a direct appeal from the motion to vacate void sentence, as it did in its denial of the first motion. The trial court is correct that "an out-of-time appeal is a remedy for a frustrated right of appeal;

4

therefore, [the defendant] must show that he was entitled to a direct appeal." *Syms*, supra at 441 (1). A motion to vacate a void sentence is, in general, directly appealable. *Copeland*, supra. We begin our analysis with Hood's claims in his motion to vacate void sentence.

1. Hood contended in the trial court, and contends here, that his sentence is void because it does not comply with the requirements of OCGA § 17-10-6.2. "[A] sentencing court has jurisdiction to vacate a void sentence at any time." *Von Thomas v. State*, 293 Ga. 569, 571 (2) (748 SE2d 446) (2013).

> A trial court has no jurisdiction to modify a sentence after the term of court ends or 60 days pass. Where a sentence is void, however, the court may resentence the defendant at any time. A sentence is void if the court imposes punishment that the law does not allow. . . .[A] direct appeal lies from the denial of a petition attacking a sentence based upon the contention that it is void.

*Copeland*, supra at 906 (citations, punctuation and emphasis omitted); *Williams v. State*, 271 Ga. 686, 688-689 (1) (523 SE2d 857) (1999). "[A] direct appeal does not lie from the denial of such motion unless it raises a colorable claim that the sentence is, in fact, void." *Burg v. State*, 297 Ga. App. 118, 119 (676 SE2d 465) (2009). Hood raised a colorable claim that his sentence is void and, thus, he was entitled to file a

direct appeal from the denial of his motion to vacate void sentence, and to file a direct appeal from the subsequent denial of his first motion for out-of-time appeal.

The offenses to which Hood pled guilty were alleged to have occurred between December 1, 2008 and May 31, 2009. OCGA § 17-10-6.2 (2006), the version of the statute in effect on those dates, provided:

> (b) Except as provided in subsection (c) of this Code section, and notwithstanding any other provisions of law to the contrary, any person convicted of a sexual offense shall be sentenced to a split sentence which shall include the minimum term of imprisonment specified in the Code section applicable to the offense. No portion of the mandatory minimum sentence imposed shall be suspended, stayed, probated, deferred, or withheld by the sentencing court and such sentence shall include, in addition to the mandatory imprisonment, an additional probated sentence of at least one year.

The split sentence requirement applies to *each* sexual offense for which a defendant is being sentenced, rather than to the aggregate sentence. *State v. Riggs*, 301 Ga. 63, 66 (1) (799 SE2d 770) (2017).

"A trial court may, however, in its discretion, impose a sentence below the statutory minimum . . . if it finds the existence of six mitigating factors set forth in OCGA § 17-10-6.2 (c) (1). When a trial court deviates below the mandatory-minimum

6

sentence . . . it must issue a written order setting forth the reasons therefor." *Jackson v. State*, 338 Ga. App. 509, 510 (790 SE2d 295) (2016) (citations and punctuation omitted). *Jackson* applies a more recent version of OCGA § 17-10-6.2, but the requirement of a written order is also present in the version of the statute that is applicable here. See OCGA § 17-10-6.2 (c) (2) (2006).

Therefore, the trial court was required to impose a sentence for Hood's child molestation conviction that included at least the mandatory minimum of five years to serve in prison plus at least one year of probation, or to issue a written order setting forth its reasons for imposing a sentence below the statutory minimum.[2] See OCGA § 16-6-4 (b) (2006); OCGA § 16-6-4 (b) (2009); OCGA § 17-10-6.2 (a) (5), (b) (2006); *Jackson*, supra; *Riggs*, supra. Hood was sentenced only to probation on the child molestation count of which he was convicted, and the record in this case

---

[2] The State argues that the parties agreed to the trial court's deviation from the sexual offense sentencing provisions, as provided in the current version of OCGA § 17-10-6.2 (c) (1). However, the 2006 version of OCGA § 17-10-6.2, which was in effect at the time of the offenses (between December 1, 2008 and May 31, 2009, according to the indictment), did not contain the provision specifically allowing deviation from the mandatory minimum sentence *upon agreement of the parties*. See Ga. L. 2013, p. 222, § 21/HB 349 ("This Act shall become effective on July 1, 2013, and shall apply to offenses which occur on or after that date. Any offense occurring before July 1, 2013, shall be governed by the statute in effect at the time of such offense.").

contains no written findings by the trial court to support this deviation from the mandatory minimum term of imprisonment. Thus, Hood raised a colorable claim that his sentence is void in his motion to vacate void sentence. See *Jackson*, supra at 511; *Burg*, supra. The trial court erred in denying Hood's second motion for out-of-time appeal to the extent that it found that he was not entitled to file a direct appeal from the denial of his motion to vacate void sentence, and therefore we vacate in part the order denying Hood's second motion.

Because we agree that Hood's sentence on the child molestation count is void, we must vacate the sentence. "A sentence that does not comply with the OCGA § 17-10-6.2 split-sentence requirement is void. We are required to correct a void sentence. . . .A sentence which is not allowed by law is void, and its illegality may not be waived." *Hughes v. State*, 341 Ga. App. 594, 597 (3) (802 SE2d 30) (2017) (citations and punctuation omitted) (where defendant appealed the denial of his motion for new trial and this Court affirmed the trial court's order with regard to the alleged errors raised by defendant, the Court nonetheless vacated his sentence and remanded the case to the trial court for resentencing because the sentence did not comply with OCGA § 17-10-6.2, an issue that was not raised by either party); see generally, *Nazario v. State*, 293 Ga. 480, 485 (746 SE2d 109) (2013) (a reviewing court is

required to vacate an illegal sentence even if the error was not raised in the trial court or on appeal). We therefore vacate Hood's sentence on the child molestation conviction and remand this case for resentencing.

2. We agree with the trial court that Hood was not entitled to file a direct appeal from his motion to vacate void sentence as to the merger claim raised therein, because his merger argument does not raise a colorable void sentence claim. See *Burg*, supra. His contention that his convictions merged was a challenge to the convictions themselves, rather than to his sentence. "[A] motion to correct illegal sentence or conviction is not an appropriate remedy to attack a conviction in a criminal case," and a direct appeal is not allowed from a merger claim raised in such a motion. *Williams v. State*, 287 Ga. 192, 194 (695 SE2d 244) (2010). The Supreme Court of Georgia has held that

> a motion to vacate a conviction is not an appropriate remedy in a criminal case. Instead, such a challenge - including a merger claim - may be considered only in a traditionally recognized proceeding to challenge a criminal conviction: a direct appeal of the conviction; an extraordinary motion for new trial; a motion in arrest of judgment; or a petition for habeas corpus.

9

*Nazario*, supra at 488 (2) (examining a merger issue in a direct appeal from a judgment of criminal conviction) (citations and punctuation omitted). Thus, Hood was not entitled to file a direct appeal from the denial of the motion to vacate void sentence as to the merger claim, and the trial court did not abuse its discretion in denying his second motion for out-of-time appeal on that ground. See *Syms*, supra. We therefore affirm, in part, the denial of the second motion for out-of-time appeal.

*Judgment affirmed in part, vacated in part, and case remanded. Barnes, P. J., and McMillian, J., concur.*