**FIFTH DIVISION**
**MCFADDEN, P. J.,**
**BRANCH and BETHEL, JJ.**

NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.
http://www.gaappeals.us/rules

**December 1, 2017**

# In the Court of Appeals of Georgia

A17A1457. MOORE v. THE STATE.

PER CURIAM.

James Henry Moore appeals the trial court's denial of his motion to correct an illegal and/or void sentence, contending that the trial court erred when it (1) failed to impose a split sentence on his conviction for child molestation, as required by OCGA § 17-10-6.2 (b), and (2) failed to consider and impose a sentence below the statutory minimum, as permitted by OCGA § 17-10-6.2 (c). The State concedes that Moore's sentence is void for failure to comply with the OCGA § 17-10-6.2 split-sentence requirement. For the reasons that follow, we are constrained to vacate the sentence and remand this case for resentencing.

Moore pled guilty to one count of child molestation in violation of OCGA § 16-6-4 (a). In August 2013, the trial court sentenced Moore to 20 years'

imprisonment, with no portion of the sentence probated. The record contains no indication that Moore directly appealed his judgment of conviction. In December 2014, Moore filed a motion to correct an illegal and/or void sentence, which the trial court denied. This appeal followed.

1. Moore argues that his sentence is void because the trial court failed to impose a split sentence as required by OCGA § 17-10-6.2 (b). We agree.

"The interpretation of a statute is a question of law, which we review de novo on appeal." *Jackson v. State*, 338 Ga. App. 509, 509 (790 SE2d 295) (2016). A trial court generally may modify a sentence only during the year after its imposition or within 120 days after remittitur following a direct appeal, whichever is later. See OCGA § 17-10-1 (f); *Jackson*, 338 Ga. App. at 509. "However, a sentencing court retains jurisdiction to correct a void sentence at any time." *Jackson*, 338 Ga. App. at 509 (punctuation omitted). "A sentence is void if the court imposes punishment that the law does not allow." Id. at 509-510 (punctuation omitted). "When the sentence imposed falls within the statutory range of punishment, the sentence is not void." Id. at 510 (punctuation omitted).

A person over the age of eighteen who is convicted of a first offense of child molestation is subject to a split sentence, which must include a mandatory-minimum

five-year prison term to be followed by at least one year of probation.[1] OCGA §§ 16-6-4 (b); 17-10-6.2 (a) (5), (b). A sentence that does not comply with the OCGA § 17-10-6.2 split-sentence requirement is void. *Jackson*, 338 Ga. App. at 510; *New v. State*, 327 Ga. App. 87, 106-109 (5) (755 SE2d 568) (2014). Consequently, Moore's 20-year prison sentence is void because it includes no probation. See *Jackson*, 338 Ga. App. at 511 (holding that a 20-year prison sentence with no probation for a first child molestation conviction was void); *Spargo v. State*, 332 Ga. App. 410, 411-412 (773 SE2d 35) (2015) (same); *New*, 327 Ga. App. at 106-109 (5) (same). Accordingly, because the sentence is void as a matter of law, we must vacate Moore's sentence and remand this case for resentencing under OCGA § 17-10-6.2, in accordance with this opinion.

2. Given our holding above and our remanding of the case for resentencing, it would be premature to consider Moore's challenge to the trial court's failure to consider and impose a sentence below the statutory minimum. See *Kaiser v. State*, 285 Ga. App. 63, 66 (1) (646 SE2d 84) (2007) ("Where a void sentence has been

---

[1] Moore was 47 years old when the trial court sentenced him. The record contains no indication that he previously had been convicted of child molestation.

entered, it is as if no sentence has been entered at all, and the defendant stands in the same position as if he had pled guilty and not yet been sentenced.").

*Judgment vacated and case remanded for resentencing. Division Per Curiam. All Judges concur.*