# Court of Appeals
# of the State of Georgia

ATLANTA,  February 21, 2018

*The Court of Appeals hereby passes the following order:*

## A18A1152.  MICHAEL E. RAUSCHER v. THE STATE.

Michael E. Rauscher pled guilty to child molestation, and in February 2012 the trial court sentenced him to 20 years' imprisonment, the first 12 years to be served in prison and the remainder on probation.  It does not appear that Rauscher appealed his judgment of conviction.  In October 2017, Rauscher filed a motion to correct void sentence, asserting that at sentencing the trial court failed to make findings regarding his eligibility for a sentence below the statutory minimum.  The trial court denied the motion, and Rauscher filed this appeal.  We lack jurisdiction.

A direct appeal may lie from an order denying a motion to vacate or correct a void sentence only if the defendant raises a colorable claim that the sentence is, in fact, void.  See *Harper v. State*, 286 Ga. 216, 217, n. 1 (686 SE2d 786) (2009); *Burg v. State*, 297 Ga. App. 118, 119 (676 SE2d 465) (2009).  "Motions to vacate a void sentence generally are limited to claims that – even assuming the existence and validity of the conviction for which the sentence was imposed – the law does not authorize that sentence, most typically because it exceeds the most severe punishment for which the applicable penal statute provides." *von Thomas v. State*, 293 Ga. 569, 572 (2) (748 SE2d 446) (2013).  When a sentence is within the statutory range of punishment, it is not void.  *Jones v. State*, 278 Ga. 669, 670 (604 SE2d 483) (2004).  Assertions taking issue with the procedure employed in imposing the sentence do not constitute colorable void-sentence claims.  *Coleman v. State*, 305 Ga. App. 680 (700 SE2d 668) (2010).

Here, Rauscher does not allege any void-sentence claim, but takes issue with the procedure employed by the trial court in not considering a sentence below the

mandatory minimum.  See *Jackson v. State*, 338 Ga. App. 509, 510 (790 SE2d 295) (2016) (a challenge to the trial court's failure to consider a sentence below the mandatory minimum does not state a void-sentence claim).  Because Rauscher does not raise a valid void-sentence claim, this appeal is hereby DISMISSED for lack of jurisdiction.



*Court of Appeals of the State of Georgia*
  *Clerk's Office, Atlanta,  02/21/2018*
  *I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*
  *Witness my signature and the seal of said court hereto affixed the day and year last above written.*

      *Stephen E. Castlen*
              *, Clerk.*