# Court of Appeals
# of the State of Georgia

ATLANTA,  March 08, 2018

*The Court of Appeals hereby passes the following order:*

**A18A1226.  CHRISTOPHER LEE BARWICK v. THE STATE.**

On October 28, 2016, Christopher Lee Barwick pleaded guilty to three counts of child molestation and was sentenced to three concurrent terms of twenty years, with the first ten years to be served in prison and the remainder on probation. There is no indication that Barwick filed a direct appeal from the judgment of conviction. However, on November 1, 2017, Barwick filed a pro se motion to modify his sentence, arguing that he was entitled to a downward deviation from the mandatory minimum sentence pursuant to OCGA § 17-10-6.2 (c) (1). The trial court determined that under OCGA § 17-10-1 (f), it lacked jurisdiction to consider Barwick's challenge to his sentence, and Barwick filed this appeal. We lack jurisdiction.

Under OCGA § 17-10-1 (f), a court may modify a sentence during the year after its imposition or within 120 days after remittitur following a direct appeal, whichever is later. *Frazier v. State*, 302 Ga. App. 346, 348 (691 SE2d 247) (2010). Once, as here, this statutory period expires, a trial court may only modify a void sentence. Id. And a direct appeal may lie from an order denying a motion to vacate or correct a void sentence only if the defendant raises a colorable claim that the sentence is, in fact, void. See *Harper v. State*, 286 Ga. 216, 217 (1) n.1 (686 SE2d 786) (2009); *Burg v. State*, 297 Ga. App. 118, 119 (676 SE2d 465) (2009). When a sentence is within the statutory range of punishment, it is not void. *Jones v. State*, 278 Ga. 669, 670 (604 SE2d 483) (2004).

A person over the age of eighteen who is convicted of a first offense of child molestation is subject to a split sentence, which must include a mandatory-minimum five-year prison term, followed by at least one year of probation. OCGA §§ 16-6-4

(b); 17-10-6.2 (a) (5), (b). But a trial court is permitted, in its discretion, to deviate from the mandatory minimum sentence when it finds that certain factors are present. See OCGA § 17-10-6.2 (c) (1); *Hedden v. State*, 288 Ga. 871, 874 (708 SE2d 287) (2011).

Barwick's challenge to the trial court's failure to impose a downward deviation does not state a void-sentence claim. See *Jackson v. State*, 338 Ga. App. 509, 510 (790 SE2d 295) (2016). "The failure to deviate—or consider deviating—below a minimum sentence does not render the sentence one that the law does not allow, so long as the sentences imposed remain within the range of punishments permitted by law." Id. at 510 (punctuation omitted). Here, the record shows that Barwick was over the age of eighteen at the time of his offenses and contains no indication that he previously had been convicted of child molestation, such that his sentences fell within the statutory range of punishment permitted by law. See OCGA §§ 16-6-4 (b); 17-10-6.2 (b).

Because Barwick has not raised a colorable void-sentence claim, he is not entitled to a direct appeal, and this appeal is hereby DISMISSED.



Court of Appeals of the State of Georgia
Clerk's Office, Atlanta,__03/08/2018_____
I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.
Witness my signature and the seal of said court hereto affixed the day and year last above written.


_____, Clerk.