**FIRST DIVISION**
**BARNES, P. J.,**
**MCMILLIAN and REESE, JJ.**

**NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.**
**http://www.gaappeals.us/rules**

**May 3, 2018**

# In the Court of Appeals of Georgia

A18A0655. BROWN v. THE STATE.

MᴄMɪʟʟɪᴀɴ, Judge.

On March 13, 2013, appellant Johnny M. Brown entered a negotiated guilty plea to five counts of child molestation. The trial court sentenced Brown to ten years to serve on Count 1 and probation on the remaining counts, for a total sentence of forty years, with the first ten years to be served in confinement and the remainder to be served on probation. On September 21, 2017, Brown filed a motion to correct void sentence based on the trial court's alleged failure to follow the requirements of former OCGA § 17-10-6.2 (b) in sentencing him.[1] The trial court denied Brown's motion, and Brown filed this appeal. As more fully set forth below, we now vacate Brown's sentence and remand for resentencing.

---

[1] We note that a void sentence may be attacked at any time, even in cases where the sentence was entered on a guilty plea, and that a direct appeal will lie from the denial of a motion to correct or vacate a void sentence where the defendant raises a colorable claim that the sentence is in fact void. *McCranie v. State*, 335 Ga. App. 548, 555 (4) (782 SE2d 453) (2016).

Under the version of the statute in effect in 2013 when Brown was sentenced,[2] the trial court was required to sentence Brown to a "split-sentence" consisting of a minimum term of imprisonment, as specified in the Code section for the offense of child molestation, followed by an additional probated sentence of at least one year on *each offense.* Former OCGA § 17-10-6.2 (b); *Riggs v. State*, 301 Ga. 63, 64 (1) (799 SE2d 770) (2017); *Jackson v. State*, 338 Ga. App. 509, 510-11 (790 SE2d 295) (2016); *McCranie v. State*, 335 Ga. App. 548, 555 (4) (782 SE2d 453) (2016); *Daniels v. State*, 344 Ga. App. 190, 191-92 (__ SE2d ___) (2018). Here, the trial court sentenced Brown to confinement only on Count 1 and to probation only on the remaining four counts.[3] The State concedes that Brown was not sentenced as required by former OCGA § 17-10-6.2 (b), but points out that the trial court had discretion under subsection (c) of relevant version of that code section to deviate from the mandates of subsection (b) under certain circumstances, and urges us to remand to the

---

[2] Brown was sentenced on April 12, 2013, and he moved to correct his void sentence on September 21, 2017. We note that a void sentence may be vacated at any time and a challenge to such a sentence is not waived. "[A] sentence is void if the court imposes punishment the law does not allow."*New v. State*, 327 Ga. App. 87, 106 (5) (755 SE2d 568) (2014).

[3] The sentencing provisions applicable to the offense of child molestation are set out in OCGA § 16-6-4 (b).

trial court so that the trial court can make findings concerning whether it had reason to deviate in this case. However, subpart (2) of former OCGA § 17-10-6.2 (c) requires the trial court to issue a written order setting forth the reasons for any deviation in sentencing pursuant to this section, and the trial court did not enter such an order in this case. See *Jackson*, 338 Ga. App. at 510-11; *McCranie*, 335 Ga. App. at 555-56 (4); *Daniels*, 344 Ga. App. at 191-92. In the absence of anything in the record to indicate that the trial court intended to deviate from the mandatory minimum as allowed by the applicable version of OCGA § 17-10-6.2 (c),[4] the proper remedy is to vacate the sentence and remand for resentencing.

Although Brown does not raise as error the probation only sentences for child molestation,[5] we also note that former OCGA § 17-10-6.2 (b) required that the sentence for any person convicted of a sexual offense include the mandatory minimum term of imprisonment specified in the code section for that offense and "no

---

[4] After Brown was sentenced, OCGA § 17-10-6.2 (c) was amended to allow a trial court to deviate from the mandatory minimum when the prosecuting attorney and the defendant have agreed to a sentence below the minimum. Although it appears that there may have been such an agreement in this case, that version of the statute did not go into effect until after Brown was sentenced. See Ga. L. 2013, p. 233, § 9.

[5] See *Hughes v. State*, 341 Ga. App. 594, 597-98 (3) (802 SE2d 30) (2017) (appellate court is required to correct a void sentence, and its illegality may not be waived).

portion of the mandatory minimum sentence imposed shall be suspended, stayed, or probated . . .” Former OCGA § 17-10-6.2 (b). As we explained above, there was no indication that the trial court entered written findings necessary to deviate from the mandatory minimum. Therefore, those sentences are void for this additional reason. Accordingly, we vacate Brown's sentence and remand to the trial court for entry of a new sentence on each count as required by former OCGA § 17-10-6.2 (b).[6]

*Sentence vacated and case remanded for resentencing. Barnes, P. J., and Reese, J., concur.*

---

[6] The State correctly points out that on its face it appears that Brown is seeking a harsher sentence but opines that Brown's motive is actually to withdraw his guilty plea, not to be resentenced. See *Kaiser v. State*, 285 Ga. App. 63, 69 (1) (646 SE2d 84) (2007); see also *Blackwell v. State*, 299 Ga. 122 (786 SE2d 669) (2016).