# Court of Appeals
# of the State of Georgia

ATLANTA,  August 28, 2018

*The Court of Appeals hereby passes the following order:*

**A19A0027.  JORGE ROMERO v. THE STATE.**

In June 2014, Jorge Romero entered a negotiated guilty plea to possession of less than 200 grams of methampethamine in violation of OCGA § 16-13-31 (e) (1) and was sentenced to serve 13 years.[1]  Romero filed a motion to correct void sentence, arguing that the court should have modified downward his sentence because he had no prior felony convictions.  The trial court denied his motion on March 2, 2018, and Romero filed a notice of appeal on April 3, 2018. We lack jurisdiction for two reasons.

First, Romero's notice of appeal is untimely.  A notice of appeal must be filed within 30 days after the entry of the trial court's order.  OCGA § 5-6-38 (a).  The proper and timely filing of a notice of appeal is an absolute requirement to confer jurisdiction upon this Court.  *Couch v. United Paperworkers Intl. Union*, 224 Ga. App. 721, 721 (482 SE2d 704) (1997).  Here, Romero filed his notice of appeal 32 days after the trial court entered its order.

Second, even if Romero's notice of appeal had been filed timely, this Court would nonetheless lack jurisdiction.  Romero filed his motion to correct his void sentence in 2018.  Under OCGA § 17-10-1 (f), a court may modify a sentence during the year after its imposition or within 120 days after remittitur following a direct appeal, whichever is later. *Frazier v. State*, 302 Ga. App. 346, 348 (691 SE2d 247) (2010). Once, as here, this statutory period expires, a trial court may only modify a

---

[1] The order on appeal notes that the sentencing sheet contains a scrivenor's error, reflecting a plea to possession of more than 200 grams.

void sentence. Id. And a direct appeal may lie from an order denying a motion to vacate or correct a void sentence only if the defendant raises a colorable claim that the sentence is, in fact, void. See *Harper v. State*, 286 Ga. 216, 217 (1) n.1 (686 SE2d 786) (2009); *Burg v. State*, 297 Ga. App. 118, 119 (676 SE2d 465) (2009). When a sentence is within the statutory range of punishment, it is not void. *Jones v. State*, 278 Ga. 669, 670 (604 SE2d 483) (2004).

OCGA § 16-13-31 (e) (1) provides that a person who commits the offense with which Romero was charged shall be sentenced to a mandatory minimum term of imprisonment of ten years. Subsection (g) (2) (A) grants the trial court discretion to depart from the mandatory minimum sentence; it does not require such a departure. See *Reed v. State*, 342 Ga. App. 466, 469 (804 SE2d 129) (2017) ("the statute does not state that the trial court must depart from the mandatory minimum sentence."). Thus, Romero's challenge to the trial court's failure to impose a downward deviation does not state a void-sentence claim. See *Jackson v. State*, 338 Ga. App. 509, 510 (790 SE2d 295) (2016). "The failure to deviate—or consider deviating—below a minimum sentence does not render the sentence one that the law does not allow, so long as the sentences imposed remain within the range of punishments permitted by law." Id. at 510 (punctuation omitted).

Because Romero's notice of appeal was not timely filed and his sentence fell within the statutory range of punishment permitted by law, he is not entitled to a direct appeal. Accordingly, this appeal is hereby DISMISSED.



*Court of Appeals of the State of Georgia*
*Clerk's Office, Atlanta,* __08/28/2018__
*I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*
*Witness my signature and the seal of said court hereto affixed the day and year last above written.*



_____, *Clerk.*