# Court of Appeals
# of the State of Georgia

ATLANTA,  September 04, 2019

*The Court of Appeals hereby passes the following order:*

**A19A2331.  WILLIAM BOILEAU v. THE STATE.**

In 2005, William Dean Boileau was convicted of aggravated child molestation and aggravated sodomy.  He was sentenced to 30 years, with 18 years to serve.  In 2019, Boileau filed a Motion for Resentencing Under Substantive Change in Law. The trial court denied the motion, and Boileau filed this appeal.  We, however, lack jurisdiction.

Under OCGA § 17-10-1 (f), a court may modify a sentence during the year after its imposition or within 120 days after remittitur following a direct appeal, whichever is later. *Frazier v. State*, 302 Ga. App. 346, 348 (691 SE2d 247) (2010). Once, as here, this statutory period expires, a trial court may only modify a void sentence. Id. And a direct appeal may lie from an order denying a motion to vacate or correct a void sentence only if the defendant raises a colorable claim that the sentence is, in fact, void. See *Harper v. State*, 286 Ga. 216, 217 (1) n.1 (686 SE2d 786) (2009); *Burg v. State*, 297 Ga. App. 118, 119 (676 SE2d 465) (2009). When a sentence is within the statutory range of punishment, it is not void. *Jones v. State*, 278 Ga. 669, 670 (604 SE2d 483) (2004).

In his motion, Boileau argued that he should be resentenced because, in light of a change in the law, the trial court would now have jurisdiction to sentence Boileau to less than the mandatory minimum sentence of ten years.  This is not a valid void sentence argument because "[t]he failure to deviate – or consider deviating – below a minimum sentence does not render the sentence one that the law does not allow, so long as the sentences imposed remain within the range of punishments permitted by law." *Jackson v. State*, 338 Ga. App. 509, 510 (790 SE2d 295) (2016) (punctuation

omitted) (citing *Jones*, 278 Ga. at 670).   Accordingly, this appeal is hereby DISMISSED.



*Court of Appeals of the State of Georgia*
       *Clerk's Office, Atlanta,*   09/04/2019
       *I certify that the above is a true extract from*
*the minutes of the Court of Appeals of Georgia.*
       *Witness my signature and the seal of said court*
*hereto affixed the day and year last above written.*

_____ *, Clerk.*