# Court of Appeals
# of the State of Georgia

ATLANTA,  November 07, 2019

*The Court of Appeals hereby passes the following order:*

**A20A0632.  ALBERT ONTIVELOS v. THE STATE.**

In 2014, Albert Ontivelos pleaded guilty to one count of child molestation and one count of obstruction of an officer. He was sentenced to twenty years on the child molestation charge, to serve ten in confinement and the remainder on probation; and to twelve months on the obstruction charge, to run concurrently. In 2018, Ontivelos filed a motion to vacate a void sentence, arguing that his child molestation sentence was void. On July 22, 2019, the trial court entered an order denying this motion. On September 23, 2019, Ontivelos filed a notice of appeal. We lack jurisdiction for two reasons.

First, the notice of appeal was not timely filed. A notice of appeal must be filed within 30 days of entry of the trial court order sought to be appealed. OCGA § 5-6-38 (a). The proper and timely filing of a notice of appeal is an absolute requirement to confer jurisdiction on this Court. *Rowland v. State*, 264 Ga. 872, 872 (1) (452 SE2d 756) (1995). Ontivelos's notice of appeal, filed 63 days after entry of the order he wishes to appeal, was untimely.

Second, Ontivelos fails to raise a colorable void-sentence claim. A direct appeal may lie from an order denying a motion to vacate or correct a void sentence only if the defendant raises a colorable claim that the sentence is, in fact, void. See *Harper v. State*, 286 Ga. 216, 217, n. 1 (686 SE2d 786) (2009); *Burg v. State*, 297 Ga. App. 118, 119 (676 SE2d 465) (2009). "Motions to vacate a void sentence generally are limited to claims that . . . the law does not authorize that sentence, most typically because it exceeds the most severe punishment for which the applicable penal statute provides." *von Thomas v. State*, 293 Ga. 569, 572 (2) (748 SE2d 446) (2013). When

a sentence is within the statutory range of punishment, it is not void. *Jones v. State*, 278 Ga. 669, 670 (604 SE2d 483) (2004).

Ontivelos argued that his child molestation sentence was void because the trial court failed to consider on the record whether he qualified for a deviation below the mandatory minimum for that offense. In *Jackson v. State*, 338 Ga. App. 509 (790 SE2d 295) (2016), however, we held that "[t]he failure to deviate – or consider deviating – below a minimum sentence does not render the sentence one that the law does not allow, so long as the sentences imposed remain within the range of punishments permitted by law." Id. at 510 (punctuation omitted). Ontivelos's twenty-year sentence for child molestation fell within the applicable range for that offense. See OCGA § 16-6-4 (b). Accordingly, he has not raised a colorable void-sentence claim, and the denial of his motion is not subject to direct appeal. See *Burg*, 297 Ga. App. at 120.

For the foregoing reasons, this appeal is hereby DISMISSED.



*Court of Appeals of the State of Georgia*

*Clerk's Office, Atlanta,   11/07/2019*

*I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*

*Witness my signature and the seal of said court hereto affixed the day and year last above written.*


_____ , Clerk.