# Court of Appeals
# of the State of Georgia

ATLANTA,  March 06, 2020

*The Court of Appeals hereby passes the following order:*

**A19A2457.  STEVEN SYDOR v. THE STATE**

In January 2009, and while represented by counsel, Steven Sydor was convicted upon a negotiated plea of guilty to 13 counts of child molestation.  In February 2019, and while still incarcerated, Sydor filed a pro se motion challenging his sentences as failing to comply with the split-sentence mandate of OCGA § 17-10-6.2 (b).  The trial court denied that motion, and Sydor appeals pro se.

Under OCGA § 17-10-1 (f), a court may modify a sentence during the year after its imposition or within 120 days after remittitur following a direct appeal, whichever is later. *Frazier v. State*, 302 Ga. App. 346, 348 (691 SE2d 247) (2010). Once, as here, this statutory period expires, a trial court may only modify a void sentence. Id. And a direct appeal may lie from an order denying a motion to vacate or correct a void sentence only if the defendant raises a colorable claim that the sentence is, in fact, void. See *Harper v. State*, 286 Ga. 216, 217 (1), n.1 (686 SE2d 786) (2009); *Burg v. State*, 297 Ga. App. 118, 119 (676 SE2d 465) (2009). When a sentence is within the statutory range of punishment, it is not void. *Jones v. State*, 278 Ga. 669, 670 (604 SE2d 483) (2004).

A person over the age of eighteen who is convicted of a first offense of child molestation is subject to a split sentence, which must include a mandatory-minimum five-year prison term, followed by at least one year of probation. OCGA §§ 16-6-4 (b); 17-10-6.2 (a) (5), (b). But a trial court is permitted, in its discretion, to deviate from the mandatory minimum sentence when it finds that certain factors are present. See OCGA § 17-10-6.2 (c) (1); *Hedden v. State*, 288 Ga. 871, 874 (708 SE2d 287) (2011).  In this case, the sentencing order shows that the trial court expressly found

each of the factors designated in OCGA § 17-10-6.2 (c) (1).

In this appeal, Sydor posits that he "met all of the requirements of a sentence under Code § 17-10-6.2 (c) (1)," and therefore, the trial court erred when it did not sentence him *below* the mandatory minimum. However, a challenge to the trial court's failure to impose such a downward deviation does not state a void-sentence claim. See *Jackson v. State*, 338 Ga. App. 509, 510 (790 SE2d 295) (2016). "The failure to deviate—or consider deviating—below a minimum sentence does not render the sentence one that the law does not allow, so long as the sentences imposed remain within the range of punishments permitted by law." (Punctuation omitted.) Id. Here, the record shows the child molestation sentences fell within the statutory range of punishment permitted by law. See OCGA § 16-6-4 (b).

Because Sydor has not raised a colorable void-sentence claim, he is not entitled to a direct appeal, and this appeal is hereby DISMISSED.



*Court of Appeals of the State of Georgia*
*Clerk's Office, Atlanta,  03/06/2020*
*I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*
*Witness my signature and the seal of said court hereto affixed the day and year last above written.*

_____ Stephen E. Castlen _____ , *Clerk.*