**FIRST DIVISION
BARNES, P. J.,
GOBEIL and PIPKIN, JJ.**

**NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.
https://www.gaappeals.us/rules**

**December 26, 2024**

# In the Court of Appeals of Georgia

A24A1496. ALBRIGHT v. THE STATE.

GOBEIL, Judge.

Calvin Albright, proceeding pro se, appeals from the trial court's denial of his motion to vacate void sentence, arguing that the court erred in sentencing him to the maximum statutory term on his child molestation and sexual battery convictions without a split sentence on each count as required by the former version of OCGA § 17-10-6.2 (b). For the reasons set forth below, we affirm in part, vacate in part, and remand for resentencing.

In 2019, Albright pleaded guilty to child molestation (Count 1), sexual battery against a child under 16 (Count 2),[1] sodomy (Count 3), photographing underneath an

---

[1] The indictment originally charged Albright with aggravated child molestation in Count 1 and aggravated sexual battery in Count 2. He pleaded guilty to the lesser

individual's clothing (Count 4), and nine counts of child molestation (Counts 5-10, 13-15).[2] The indictment alleged that Albright committed the crimes in Counts 1-3, 5-10, and 13-15 between August 1, 2014 and May 31, 2018 without specifying an exact date for the offenses. The trial court sentenced Albright to 20 years' confinement on Count 1; 20 years' confinement each on Counts 5 through 10 to run concurrently with one another and to Count 1; and 20 years' confinement each on Counts 13 through 15 to run concurrently with one another and to Count 1. The court also sentenced Albright to 5 years' probation on Count 2 to run concurrently to Count 1; 20 years' probation on Count 3 to run consecutively to Counts 1 and 2; and 5 years' probation on Count 4 concurrent to Count 2. Albright's total sentence was 40 years with the first 20 years to serve in confinement and the remainder on probation.

In April 2024, Albright, proceeding pro se, filed a motion to vacate void sentence, contending that the trial court erred in sentencing him to the maximum statutory punishment (20 years) on each count of child molestation and sexual battery

counts of child molestation (Count 1) and sexual battery against a child under the age of 16 (Count 2).

[2] The State nolle prossed four counts of sexual battery against a child under the age of 16 (Counts 11-12, 16-17).

(Counts 1-2, 5-10, 13-15) without a split sentence as required by OCGA § 17-10-6.2 (b). The trial court denied the motion and Albright now appeals.

We note at the outset that Albright's pro se appellate brief, which he titled a motion, fails to comply with our Court rules. Notably, his brief does not contain any jurisdictional statement, enumerations of error, or citations to the specific page numbers of the record or transcript that are essential to consideration of his arguments. See Court of Appeals Rule 25 (a) (3), (4) & (d) (2). Although Albright is proceeding pro se, he is not relieved of his obligation to comply with this Court's rules. See *Bennett v. Quick*, 305 Ga. App. 415, 416 (699 SE2d 539) (2010). "The rules of this [C]ourt are not intended to provide an obstacle for the unwary or the pro se appellant"; however, briefs that do not conform to our rules hinder our ability to determine the basis and substance of an appellant's contentions on appeal. *Williams v. State*, 318 Ga. App. 744, 744-745 (734 SE2d 745) (2012) (citation and punctuation omitted). In addition, "[t]he burden is upon the party alleging error to show it affirmatively in the record," and "[a]ppellate judges should not be expected to take pilgrimages into records in search of error without the compass of citation and argument." *Bennett*, 305 Ga. App. at 416 (citations and punctuation omitted). With

these principles in mind, we turn to the merits of Albright's appeal, as best we can discern them.

Albright asserts that the court erred in sentencing him to the maximum statutory punishment on each count of child molestation and sexual battery without a split sentence as required by the former version of OCGA § 17-10-6.2 (b).

First, statutory interpretation is a question of law, which we review de novo on appeal. *Jackson v. State*, 338 Ga. App. 509, 509 (790 SE2d 295) (2016). Generally, a trial court "may modify a sentence only during the year after its imposition or within 120 days after remittitur following a direct appeal, whichever is later." See OCGA § 17-10-1 (f); *Jackson*, 338 Ga. App. at 509. That said, a sentencing court may correct a void sentence at any time. *Jackson*, 338 Ga. App. at 509 ("a sentencing court retains jurisdiction to correct a void sentence at any time") (citation and punctuation omitted). And "[a] sentence is void if the court imposes punishment that the law does not allow." Id. at 509-510 (citation and punctuation omitted). "When the sentence imposed falls within the statutory range of punishment, the sentence is not void." Id. at 510 (citation and punctuation omitted).

Prior to 2017, OCGA § 17-10-6.2 (b) provided that

any person convicted of a sexual offense shall be sentenced to a split sentence which shall include the minimum term of imprisonment specified in the Code section applicable to the offense. No portion of the mandatory minimum sentence imposed shall be suspended, stayed, probated, deferred, or withheld by the sentencing court and such sentence shall include, in addition to the mandatory imprisonment, an additional probated sentence of at least one year . . . .

OCGA § 17-10-6.2 (b) (2013). The legislature amended this statute in 2017 to require that where the court imposed consecutive sentences, only the final sentence imposed must contain a split sentence (rather than each individual count). OCGA § 17-10-6.2 (b) (2017). We agree with Albright that "the trial court was obligated to sentence [him] pursuant to the statute in effect at the time he committed his crime." *Martinez-Chavez v. State*, 352 Ga. App. 142, 143 (1) (834 SE2d 139) (2019). See *Widner v. State*, 280 Ga. 675, 677 (2) (631 SE2d 675) (2006) ("It has long been the law in this State that, in general, a crime is to be construed and punished according to the provisions of the law existing at the time of its commission.") (citation and punctuation omitted).

However, where, as here, a charge alleges a range of dates within which the crime occurred without averring that the dates are material, the charge "covers any

5

offense of the nature charged within the period of limitation, including the dates alleged, and the State is not confined to proof of a single transaction, but may prove or attempt to prove any number of transactions of the nature charged within the period." *Bowman v. State*, 184 Ga. App. 197, 197 (2) (361 SE2d 58) (1987) (citation and punctuation omitted); see also *State v. Layman*, 279 Ga. 340, 341 (613 SE2d 639) (2005) ( "the State is not restricted at trial to proving that an offense occurred on the date alleged in the indictment when the indictment does not specifically allege that the date of the offense is material").

The dates contained in the indictment for Counts 1-3, 5-10, and 13-15 all ranged from August 1, 2014 to May 31, 2018. Because the dates of the offenses were not material averments in the indictment, Albright may have pleaded guilty to the crimes charged in these counts based on events occurring before and/or after the statutory change in 2017. As a result, the general principle that a crime is to be punished using the sentencing statutes at the time of its commission does not resolve the issue of whether pre- or post-2017 version of OCGA § 17-10-6.2 applies here.

This Court previously has analyzed similar cases involving uncertainty in sentencing under the analytical framework of the rule of lenity. *Daniels v. State*, 320 Ga. App. 340, 344 (3) (739 SE2d 773) (2013).

> As our Supreme Court has explained, [t]he rule of lenity applies where two or more statutes prohibit the same conduct while differing only with respect to their prescribed punishments. According to the rule, where any uncertainty develops as to which penal clause is applicable, the accused is entitled to have the lesser of the two penalties administered.

*Bryson v. State*, 350 Ga. App. 206, 208 (2) (828 SE2d 450) (2019) (citations and punctuation omitted). Under the rule of lenity, then, we must compare the pre- and post-2017 versions of OCGA § 17-10-6.2 to determine which prescribes the lesser penalty.

OCGA § 17-10-6.2 was enacted in 2006 as a new provision in Georgia law and required that the sentence for certain sexual offenses, including as relevant here, child molestation,[3] include at least one year of probation. See OCGA § 17-10-6.2 (a) (5), (b)

---

[3] Although Albright represents that he was sentenced to twenty years on Count 2 (sexual battery against a child under the age of 16), the record reflects that the trial court sentenced him to five years' probation on this count to run concurrent to his twenty-year sentence on Count 1. Additionally, although a sodomy conviction is subject to the split-sentence requirement outlined in OCGA § 17-10-6.2, the trial court sentenced Albright to 20 years' probation for his sodomy conviction in Count 3, to run

(2006). The legislature amended this statute in 2017 to clarify that where the court imposed consecutive sentences, only the final sentence imposed must contain a split sentence (rather than each individual count). OCGA § 17-10-6.2 (b) (2017). Here, the trial court sentenced Albright to 20-year terms for his convictions for child molestation in Counts 1, 5-10, and 13-15 with the sentences on Counts 5-10 and 13-15 to run concurrent to one another and to Count 1. Under the pre-2017 version of OCGA § 17-10-6.2, Albright's custodial sentence would actually decrease because the maximum sentence the trial court could impose for each of his convictions for child molestation was 19 years to serve, followed by 1 year of probation, for a total of 20 years on each count.[4] See *Bryson v. State*, 350 Ga. App. 206, 210 (2) (828 SE2d 450) (2019) (defendant must be sentenced to a split sentence for each offense to which the split-sentencing statute applies). Therefore, even though Albright's total 40-year sentence would remain the same, the quality or degree of his punishment would

_____

consecutive to Counts 1 and 2. See OCGA § 17-10-6.2 (a) (3) (2006) (listing sodomy as a "sexual offense" subject to the split sentence requirement). As a result, his sentences on Counts 2 and 3 remain unchanged because the sentences for these two counts were on probation.

[4] Pursuant to OCGA § 16-6-4 (b) (1) (2009), a person convicted of a first offense of child molestation is subject to a maximum sentence of 20 years.

effectively be "lessened" under the pre-2017 version of OCGA § 17-10-6.2. Id.; See

*Watkins v. State*, 336 Ga. App. 145, 152 (5) (784 SE2d 11) (2016) (under prior version

of OCGA § 17-10-6.2, trial court was required to impose a split sentence that includes

at least the minimum term of imprisonment and at least one year of probation, for a

total of no more than the maximum prescribed sentence). Here, given the possibility

that the acts of child molestation were committed before the 2017 amendment, the

rule of lenity applies, and Albright was entitled to be sentenced under split sentencing

scheme set forth in the former version of OCGA § 17-10-6.2.

In sum, because Albright could have been convicted of child molestation based

on acts that were committed both before or after the 2017 amendment to OCGA § 17-

10-6.2, his sentences on Counts 1, 5-10, and 13-15[5] must be vacated and the case is

remanded for resentencing pursuant to the pre-2017 version of OCGA § 17-10-6.2 and

in accordance with this opinion. See *Bryson*, 350 Ga. App. at 211 (2).

*Judgment of conviction affirmed, sentence affirmed in part and vacated in part, and*

*case remanded for resentencing. Barnes, P. J., and Pipkin, J., concur.*

---

[5] Albright's sentences on Count 2 (sexual battery on a child under 16), Count 3 (sodomy), and Count 4 (photographing underneath an individual's clothing) remain in force and are unaffected by this opinion.